Morgan, County Judge.
The plaintiff was in possession of the premises in question under claim of ownership as heir of a deceased sister, and rented them to one Bates. The defendant obtained a deed of the premises from the treasurer of Monroe county, after a sale thereof for unpaid taxes, and pursuant to the provisions of chapter 104 of the Laws of 1877. Claiming under this deed, he took possession of the premises with the consent of plaintiff’s tenant, but without the consent of herself. Subsequently, and before the commencement of this action, the defendant’s tax deed was by the supreme court adjudged void, by reason of an invalid assessment of the tax for which the sale was had. This proceeding was brought to have thedefendantremoved from "his said possessionas an “intruder” or “squatter” under subdivision 4 of section 2232 of the Code of Civil Procedure.
The only question presented by the appellant is whether under the facts and circumstances of his entry into possession of the premises as above stated he could properly be considered an “intruder” or “squatter” within the meaning of the section above referred to, so as to give the court below jurisdiction of the proceeding ?
*86 I am satisfied that in the examination of this question the fact that he went into possession with consent of plaintiff’s tenant, may properly be disregarded. That fact did not and could not bind the plaintiff (Whiting v. Edmunds, 94 N. Y. 309). It is obvious, however, that he went into the possession under claim of title to the premises under his tax deed. A ‘ ‘ squatter,” according to Webster, is “ one who settles on new land, particularly on public land, without a title ” (vide Webst. Dict, sub verba). According to Bouvier (Bouv. Law Dict, sub verba), he is “ one who settles on the lands of others without any legal authority. This term is applied particularly to persons who settle on the public land.” According to McAdam (Landlord and Tenant, § 283): “A squatter may be defined to be a person who settles or locates on land, without obtaining a legal title.” The substantial correctness of all these definitions is affirmed or assumed in several decisions, except that it seems to be unnecessary that the lands should be either “new” or “public,” and to that extent McAdam’s definition seems preferable (Sykes v. Hayes, 5 Biss. C. Ct. 529 ; Stamper v. Griffin, 20 Ga. 312, 324; Gay v. Mitchell, 35 Ga. 139; Allard v. Lobau, 3 Martin N. S. [La.] 293). The case of Jones v. Mayer (N. Y. Daily Reg. Aug. 29, 1883),* seems to *87 be not only not opposed to but entirely in accord with the foregoing cases, inasmuch as in that case the defendant entered acknowledging the plaintiff’s title and making no claim as to any in himself.
In this case, however, it seems to me the facts are entirely different, and the result must be accordingly different. The defendant here did not, as in most of the cases above cited, enter the premises disclaiming a title ; on the contrary, he expressly claimed the title. He did not enter, either, “ without a title on the contrary he had an apparent title “in fee simple,” under a conveyance which in itself was by the statute declared presumptive evidence that the sale, and all the proceedings prior thereto,” &c. -<fcc., “ were regular (L. 1877, ch. 104, §§ 11, 12). It does not seem to me that the fact that that deed was afterward declared void can be said to so relate back to the time of the entry as to bring it within the definitions above given. The fact of becoming a “ squatter” is largely one of intent; the act was and is a wrongful one, and punishable as a misdemeanor (§§ 467, 640, Penal *88 Code ; 3 R. S. (6 ed.) 984, § 109 ; L. 1857, c. 396, § 1). Can it be fairly or properly said that a man who enters upon property under a deed, regular on its face, for which he duly paid his money, issued under a statute of the State, by the officers authorized and directed so to do, is to be deemed a wrongdoer and criminal because certain officers of the government have failed to do their duty? I think not.
I am aware that Mr. McAdam follows his definition above quoted with the remark that: “ He is none the less a squatter, because he locates under a deed or grant from one who has no title, and no power to confer upon him the legal right of possession.” For this remark, he cites no authority or decision, and it, of course, is therefore not controlling upon the court in any way. It is, however, unnecessary to disagree with him here, as it cannot be truthfully said that the “ People of the State of New York” or the county of Monroe, or the Monroe county treasurer, had no title and no power to confer the legal right of possession at the time the deed was made. On the contrary, they had the apparent title and full power under the provisions of the statute above referred to. The facts here constitute a case of failure of title after entry, rather than of entry without title.
As to the question whether the defendant can be properly said to be an “intruder” within the meaning of the section of the Code in question, much of the foregoing seems to me to apply. An “intruder” is “ one who thrusts himself in, or enters where he has no right” (Webster Dic. sub verba). He is “ one who, on the the death of the ancestor, enters on the land unlawfully, before the heir can enter” (Bouv. Law Dic. sub verba). The definition as given by Webster is doubtless the one intended in the statute. As already stated in consideration, as to the meaning of the word “ squatter,” I do not think it can be truly *89 said that the defendant entered the premises having no right or title so to do.
For the foregoing reasons, I am convinced that the defendant was not an “intruder” or 66 squatter” upon the premises within the meaning of the statute in question, or so as to authorize the maintenance of a summary proceeding thereunder against him.
The judgment appealed from is therefore reversed with costs.*

For the convenience of the reader, we give here the entire report of the brief case here referred to.
City Court—Special Teem—McAdam, J.
JONES et al v. MAYER et al.
The proofs establish the following facts to wit: That the petitioners are the owners of the locus in quo; that the persons 'proceeded against were allowed to enter for the purpose of removing certain personal property therefrom; that after entering under this license they refused to leave, and have ever since claimed the right to retain, possession; that the statutory notice to quit has been duly served. Upon these facts, I decide that the license given for the temporary use .before mentioned, ceased after a reasonable time to accomplish its *87 purpose was afforded—that remaining in and asserting a claim to the premises, except for said prescribed purpose, was in excess of the privileges conferred by the license and made the guilty parties trespassers ab inito (see 3 Waterman on Trespass, §§ 790, 791). That the parties owning the land might thereafter proceed against the wrongdoer for trespass, by action of ejectment, or avail themselves of the statute relating to squatters, which was intended to include within its remedial objects any person who settles or locates on land without legal title or lawful authority from the person who has. That a licensee to enter for a temporary purpose does not warrant the license m locating upon land, and is not lawful authority for retaining possession thereof against the will of the owner. The dismissal of the prior proceeding is no bar to this one (see Code, § 1309; Wheeler v. Ruckman, 51 N. Y. 391; Lewis v. Davis, 8 Daly, 185; Manner v. Simpson, 12 Weekly Dig. 154; Dexter v. Clark, 35 Barb. 271; People v. Vilas, 36 N. Y. 459). It follows that the petitioners are entitled to the usual judgment of dispossession.

 In another action between the same parties (O’Donnell v. McIntyre [No. 2 of this name|, in the Monroe County Court, July, 1885), it was held, that in an action for forcible entry and detainer, title is not in issue; and it is enough for plaintiff to show actual possession at the time when defendant attempted by force to eject plaintiff, and that defendant did by force, or fear inspired by force, drive or keep plaintiff from the premises. •
The action, which grew out of the same tax deed, came up on motion for new trial, after verdict for plaintiff.
D. C. Feely, for defendant, in support of the motion.
J. R. Fanning, plaintiff, opposed.
Morgan, County Judge.&emdash;The facts of this case seem very simple. The plaintiff, upon the death of her sister, the owner of the premises in question, took, possession of them, claiming as heir of such sister, and rented the premises to one Bates. The defendant, supposing or claiming that he had title under a tax deed, demanded possession of the tenant, and, no objection being made by the tenant, he consented that the tenant might remain a few days for his own convenience. The plaintiff, a few days later, returned and got into the house, without force and without opposition, was proceeding to change the locks of the outside doors, and exercising similar acts in accordance with her claim of ownership. The defendant appeared and attempted to eject her; they had a struggle which seems to have been unsatisfactory on both sides. Certainly both sides withdrew from the premises. The defendant shortly afterward returned and took possession. The plaintiff did not return, being, as she claims, afraid so to do because of defendant’s violence toward her. Whether or not the claim was well founded, was the question submitted to the jury, who found in plaintiff’s favor.
The defendant now claims that it was error for the court to hold that the plaintiff was in possession of the premises at the time the *90 defendant attempted to eject her. It does not seem to me that any-extended discussion or citation of authorities is necessary to prove or illustrate the truth of the following propositions, to wit:—The question of the title is not at issue in an action for forcible entry or detainer. Possession is “ the having, holding or'detention of property in one’s power or command, actual seizin or occupancy ” (vide Webster's Dictionary), and this whether rightful or wrongful.
It seems to me, therefore, entirely immaterial whether the plaintiff or defendant was right in the claim of ownership. It also seems to me entirely immaterial whether the defendant had, by collusion with plaintiff’s tenant or otherwise, at any time got possession of the premises, or, indeed, whether he was in fact in possession at any previous time. For the same reason, it seems to me immaterial whether or how the plaintiff re-look possession, or re-entered the premises,— whether it was by the front or back door, through the cellar or down ,the chimney, or whether it was by right, or trick or otherwise. The fact that she was there, “ having, holding and detaining ” the property in her power and “ actual seizin ” at the time the defendant by the force of his arms attempted to eject her, and drive her therefrom, and that, as the verdict of the jury in effect says, he did then, or by reason of the fear he then inspired, did drive or keep her from the premises, seems to me all that is necessary to make out the cause of action. In other words,.I am satisfied there was no error in the position taken at the trial.
The motion is therefore denied with $Í0 costs.

Compare King v. Philips, 1 Lans. 431, with Wood v. Phillips, 43 N. Y. 152, and Bliss v. Johnson, 73 N. Y. 529.