Lineas LeBarron, Appellant, *v.* Samuel Babcock et al., Respondents.

Where one of several tenants in common of a farm (all being of full age) occupies it with the acquiescence of his co-tenants and, in the usual course of husbandry, takes the annual products thereof, without having entered into any contract in respect to its use, and without having ousted, or denied the right of, any of his co-tenants, he *is not liable to account to* them for its use or for the products so taken.

When, in the due course of husbandry, the tenant so in occupancy, in good faith, severs such products from the land, he becomes the sole owner

thereof, and a co-tenant by taking them away becomes liable to him in damages for conversion thereof.

L. died intestate seized of a farm and leaving eleven children. Plaintiff, one of the children, was administrator of his father's estate, and being in possession of the farm sowed a portion thereof with oats. Upon the farm there was about forty acres of meadow. Plaintiff cut the oats and the grass upon about fifteen acres of the meadow. No one of the heirs but plaintiff had bestowed any labor on the farm. Defendants entered upon the farm and drew away the oats and hay, claiming to do so in the right and by the direction of one of the other heirs. Plaintiff forbade the removal of the property, but admitted the right of any of his co-tenants to cut or take his or her share of the standing grass. None of the co-tenants had ever been excluded from the farm, nor had the right to possess or enjoy it ever been denied to them or any of them. In an action for conversion, *held,* that plaintiff was sole owner of both the oats and hay; and that defendants were liable.

*LeBarron* v. *Babcock* (46 Hun, 598), reversed.

(Submitted June 18, 1890; decided October 7, 1890.)

APPEAL from order of the General Term of the Supreme Court of the fifth judicial department, made December 30, 1887, which reversed a judgment in favor of plaintiff entered upon a verdict, and reversed an order denying a motion for a new trial and granted a new trial.

The nature of the action and the material facts are stated in the opinion.

*W. S. Thrasher* for appellant. No question was before the General Term but questions of law based upon the exceptions. (*Hinman* v. *Stillwell*, 34 Hun, 180; *Stedman* v. *Batchelder*, 28 N. Y. S. R. 437.) The plaintiff was in possession by virtue of his own right as a tenant in common. He had taken possession of a certain piece of meadow land, and had actually severed the growing grass as his portion, and was in the lawful, rightful possession of it when the defendants forcibly took it from him. Being rightfully in possession, he could not, against his will, be rightfully ousted by a co-tenant. (*King* v. *Phillips*, 1 Lans. 421; *Wood* v. *Phillips*, 43 N. Y. 152; *Stockwell* v. *Phelps*, 34 id. 366; *Tripp* v. *Riley*, 15 Barb. 333; *Fobes* v. *Shattuck*, 22 id. 568; *Newcomb* v. *Eagan*, 2 Johns. 421.)

The exceptions raise no questions here as to the propriety of the verdict against all the defendants for the conversion of the oats. The answer admits the taking by all the defendants, and the plaintiff was not bound to bring proof of that fact. (*Waggoner* v. *Millington*, 8 Hun, 142; *LeRoy* v. *Bond*, 1 E. D. Smith, 169; *Smith* v. *Smith*, 60 N. Y. 161.)

*Morris & Lambert* for respondents. The court erred in charging the jury "that the plaintiff, by mowing around and severing the grass upon the said farm, became invested with the title to the grass by such act of severance, and that he was entitled to recover the full value of the same though a co-tenant took possession thereof." The court erred in further instructing and charging the jury "that a tenant in common, by the sowing of the crop, became entitled to the whole of the crop to the exclusion of his co-tenants." (4 Kent's Comm. 370; *Van Orman* v. *Phelps*, 9 Barb. 500; *Russell* v. *Allen*, 13 N. Y. 178; *Davis* v. *Lottich*, 46 id. 397; *Miller* v. *Miller*, 7 Pick. 133; *Corey* v. *Wright*, 45 Barb. 262; *Mumford* v. *Brown*, 1 Wend. 53; *McMurray* v. *Rowson*, 3 Hill, 70; *Osburne* v. *Schenck*, 18 Hun, 202; *Gilbert* v. *Dickerman*, 7 Wend. 449; *Sheldon* v. *Skinner*, 4 id. 525, 530; *Forbes* v. *Shattuck*, 22 Barb. 568, 570; *Lobdell* v. *Stowell*, 37 How. Pr. 88; 51 N. Y. 70; *Tripp* v. *Riley*, 15 Barb. 335; *Betts* v. *Lee*, 5 Johns. 348; *Curtis* v. *Groat*, 6 id. 168; *Chandler* v. *Edson*, 9 id. 362; *Babcock* v. *Gill*, 10 id. 287.) The damages of the plaintiff in this action could not exceed two-elevenths of its value. (*Newlin* v. *Lyon*, 49 N. Y. 661; *Russell* v. *Butterfield*, 21 Wend. 301; *Chadwick* v. *Lamb*, 29 Barb. 518; *Rhoads* v. *Wood*, 41 N. Y. 471; *Phillips* v. *Wiedenburg*, 6 Bosw. 176; *Seaman* v. *Luce*, 23 Barb. 240; *Fitzhugh* v. *Weyman*, 9 N. Y. 559; 11 Hun, 239; *Brewster* v. *Silleman*, 38 N. Y. 428.)

Follett, Ch. J. March 19, 1882, Lineas LeBarron, the elder, died intestate, seized of a farm of 233 acres, and leaving eleven children, his only heirs, one of whom is the plaintiff,

and another is the wife of Alphonso House, one of the defendants. The plaintiff was the administrator of his father's estate, and being in possession of the farm in the year 1885, he plowed two and a half acres of land and sowed it to oats. Upon the farm there was about forty acres of meadow land. In August of that year he cut these oats and also the grass on about fifteen acres of the meadow. He left the oats in the swath to dry, and the hay, which had been partly dried, he had raked into windrows. No one but the plaintiff had bestowed any labor on the grain or hay, or on the farm whereon they grew. These products being in this situation, the defendants entered in the night-time and drew away the oats, and entered in the day-time and drew away the hay, claiming to do so in the right of Mrs. House and by her direction. The plaintiff forbade the removal of the property, but openly admitted the right of any one of his co-tenants to cut and take his or her share of the standing grass from the meadow. None of the tenants had ever been excluded from the farm, nor had the right to possess or enjoy it ever been denied to them, or to any one of them.

This action was brought to recover the value of the hay and oats upon the theory that the defendants were liable in trover, and at Circuit it was held that they were so liable, and the plaintiff had a verdict for the value of both, but their values were not separately assessed. The judgment entered upon the verdict was reversed at General Term, where it was held that the plaintiff was the sole owner of the oats, and could recover their value, but that he was a mere tenant in common of the hay, and could not recover its value of his co-tenant who had carried it away.

The oats and hay were personal chattels, the former being such before as well as after they were cut, and the latter became such when severed from the meadow. (2 Steph. Com. [8th ed.] 212.) If they were owned in common by the plaintiff and Mrs. House it was not a conversion in law for the defendants, acting by her (a co-tenant's) authority, to merely draw them away. (*Carr* v. *Dodge*, 40 N. H. 404; *Ballou* v.

*Hale*, 47 id. 347; *Russell* v. *Allen*, 13 N. Y. 173; *Lobdell* v. *Stowell*, 51 id. 70; Freem. on Co-tenants, § 306.) But if the plaintiff owned the products in his own right, then the defendants' act in carrying them away was a conversion in law, and they are liable for the damages.

When one of several tenants in common of a farm (all being of full age) occupies it and has taken, in the usual course of husbandry, the annual products thereof without having entered into any contract in respect to its use and without having ousted or denied the rights of any of his co-tenants, he is not liable to account to them, or to any one of them, for its use, or for the products so taken. (*Woolever* v. *Knapp*, 18 Barb. 265; *Wilcox* v. *Wilcox*, 48 id. 327; *Dresser* v. *Dresser*, 40 id. 300; *Roseboom* v. *Roseboom*, 15 Hun, 309; 81 N. Y. 356; *Zapp* v. *Miller*, 109 id. 51, 57; *Henderson* v. *Eason*, 17 Ad. & El. 701; 4 Kent's Comm. 369; Freem. on Co-tenants, § 286.) The judgments which hold that a tenant in common of farming land, who, while in peaceable possession, takes and uses the products which have grown while so in possession is not liable to account for their value to his co-tenant, rest necessarily on the assumption that he becomes the sole owner of such products; for if a tenant in common of a chattel uses it up or sells it for his own exclusive benefit without the express or implied assent of his co-tenants, he is liable to them for its conversion. (*Wilson* v. *Reed*, 3 Johns. 175; *Nowlen* v. *Colt*, 6 Hill, 461; *Dyckman* v. *Valiente*, 42 N. Y. 560; Freem. on Co-tenants, §§ 307, 308.) When a co-tenant of such lands peaceably takes the products grown during his possession, there comes a time when he is vested with the sole title which cannot be later than when in the due course of husbandry they are peaceably and in good faith severed by him from the common estate on which they were grown. If they do not then become the individual property of the co-tenant who grew and severed them, it is difficult to see what subsequent act he could perform which would vest him with the title. Storing the hay and grain in a barn would not strengthen his title, and unless it becomes perfect when the products are severed, a co-tenant

·out of possession can lie by and permit the one in possession to rear and prepare crops for market and then peaceably take them whenever or wherever he can, or, under certain circumstances, of the purchaser, so long as the property can be ·traced. This would not be a convenient nor an equitable rule, and we find no authority which justifies the court in declaring .it to be the legal one.

The plaintiff, having in the due course of husbandry grown and severed the grass and oats while being with the acquiescence of his co-tenants legally and peaceably in possession of the land whereon they grew, became the sole owner of them, and the defendants, by taking them away, became liable for their value. (*Calhoun* v. *Curtis*, 4 Metc. 413; *Brown* v. *Wellington*, 106 Mass. 318; *Bird* v. *Bird*, 15 Fla. 424; *Henderson* v. *Eason*, 17 Ad. & El. 701: 1 Dom. Civ. Law ·[Cushing's ed.], 952.)

The order should be reversed and judgment entered on the ·verdict affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not sitting.

Order reversed and judgment affirmed.