| 73  509
|148a 463

CHARLES S. MOTT and Another, Appellants, *v.* WILLIAM UNDERWOOD and Others, Respondents.

*Natural oyster bed — rights of co-tenants therein — licensees of one co-tenant restrained from taking oysters therefrom — when possession is of a moiety only.*

The right of each one of two tenants in common of a natural bed of oysters extends to the use and enjoyment of all the common property, which right can only be qualified by an agreement between the parties that one of the joint owners may occupy exclusively the whole or a portion of the common property.

The fact that the licensees of one co-tenant plant oysters in such bed gives them no right greater than their lessor could himself exercise without the assent of his co-tenant.

The heirs of one Smith and the town of Brookhaven were equal owners and tenants in common of a natural bed of oysters. Prior to June, 1892, the heirs of Smith executed to certain parties a lease of a portion of the joint property. In August, 1892, the town gave leases conferring the right to take oysters from the common property, whereupon an action was brought by Smith's lessees to restrain by injunction the licensees of the town from taking oysters from such oyster bed.

*Held*, that the action was not maintainable;

That the possession of such property by Smith's lessees was the possession of a moiety only.

APPEAL by the plaintiffs, Charles S. Mott and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Suffolk on the 3d day of April, 1893, upon a decision of the court rendered at the Suffolk County Special Term dismissing the plaintiffs' complaint and dissolving an injunction theretofore granted therein.

*A. A. Spear*, for the appellants.

*Nicoll Floyd*, for the respondents.

BARNARD, P. J.:

There is a natural bed of oysters in the Great South Bay in the town of Brookhaven in Suffolk county, known by the name of "Reef & Swash." The right to take oysters from this bay is owned by the town of Brookhaven and by the heirs of Robert R. Smith, deceased, equally, as tenants in common. By an agreement between the owners the control and management of the common property was committed to the town in 1767, and this management was acquiesced in until June, 1892, when the owners were restored by a judgment of this court to their individual rights. Before the filing of the judgment the Smith heirs executed a lease of a portion of the joint property. In August, 1892, the town gave leases of the right to take oysters from the common property. This action is brought by the licensees under the Smith title to restrain by injunction the licensees of the town from taking oysters from the "Reef & Swash" oyster bed. Such an action will not be supported. The right of each tenant is to the use and enjoyment of the common

property and of all the common property. This right can only be qualified by an agreement between the parties that one of the joint owners may occupy exclusively the whole or a portion of the common property. (*Zapp* v. *Miller*, 109 N. Y. 57; *Le Barron* v. *Babcock*, 122 id. 153.)

The planting of oysters in the Swash gave the plaintiffs no right greater than the Smith heirs could exercise themselves without the assent of the town authorities. None such is claimed in the case. The plaintiffs' lease, therefore, gave them no exclusive right to take oysters from the property in question even though they had expended money and labor in making the oyster bed productive. The town had uniformly refused to give any exclusive right of fisheries in and upon the bed. The cases of *Hand* v. *Newton* (92 N. Y. 88) and *Robins* v. *Ackerly* (91 id. 98) do not hold that a lease by one tenant in common of a natural oyster bed excludes one who is an owner in common without his consent. A right of action for a proportion of rents received by one owner who receives it for all is without relevancy upon the question whether such owner may be dispossessed by injunction without his consent. If the possession of the plaintiffs' licensees was proven it was a possession of a moiety only. ( *Wood* v. *Phillips*, 43 N. Y. 152.)

The case of *Le Barron* v. *Babcock* (122 N. Y. 153) only holds that where a tenant in common who occupies a farm exclusively with the assent of his co-tenants, owns the products from it while he occupies. Under the case if the licensees of one co-tenant had gathered oysters from the leased premises, they could not be held liable for the same at the suit of a co-tenant in common.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.