(50 Misc. Rep. 313)

### RUBENSTEIN v. ROSENTHAL et al.

(Supreme Court, Appellate Term. April 24, 1906.)

**1. LANDLORD AND TENANT—RECOVERY OF POSSESSION—FINAL ORDER—VACATION.**

After a final order in favor of the landlord in summary proceedings, it will not be set aside in order to permit a mortgagee of the lease to come in and defend, since he was not a proper or necessary party to the proceedings originally.

**2. SAME—REMEDIES OF TENANT'S CREDITORS.**

The mortgagee of a lease can pay the rent due by his mortgagor at any time before the issuance of a final order against the mortgagor in summary proceedings, in order to protect his security, and the landlord will be bound to accept the rent.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 847.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceedings by Louis Rubenstein, as landlord, against Samuel Rosenthal, as tenant, in which Peter Doelger petitioned to set aside a final order in favor of the landlord and to be permitted to defend. From an order denying the motion to vacate the order, petitioner appeals. Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Guggenheimer, Untermyer & Marshall (Adam K. Stricker, of counsel), for appellant.

SCOTT, P. J. The tenant, Rosenthal, held from Louis Rubenstein a certain house in this city, under a lease made in February, 1904, and running for five years from May 1, 1904. The appellant, Doelger, a brewer, took from Rosenthal a mortgage on the lease which was duly filed. It does not appear that the landlord had notice or knowledge of this mortgage, and it is, as we think, immaterial whether he had or not.

Rosenthal failed to pay the rent due on January 1, 1906, and on the 19th of January this proceeding was begun to regain possession of the premises for the default in payment of rent. Doelger was not made a party to the proceeding, and, as the tenant offered no defense, a final order was made and a warrant issued. .Doelger thereupon moved that the final order be vacated and that he be permitted to come in and defend. From the order denying that motion he appeals.

It is not suggested that there is any defense to the proceeding in the ordinary sense of the term, and it is apparent that Doelger's real purpose is to get into a position where he can pay the rent and save the lease. Whether or not the final order should now be set aside and the proceeding reopened to let Doelger come in depends upon whether he was a necessary or a proper party to the proceeding in the first instance, if the landlord had had knowledge of his lien upon the lease. It seems to be quite clear that he was not. Summary proceedings of this character are strictly the creation of statute, and the proceedings therein are regulated by the statute. They are merely possessory in their nature, and it is the very apparent design of the statute that only tenants, or subtenants or parties actually in possession, shall be cited as respondents. Undoubtedly Doelger might have paid the rent at any time before the issuance of the final order for the purpose of protecting his security, and if he had offered to do so we think that the landlord would have been bound to accept the rent from him. Cole v. Malcolm, 66 N. Y. 363. But he was under no obligation to pay, and the landlord would have had no right to demand payment from him. It is undoubtedly unfortunate for Doelger that he has lost his security, but that he had done so is due to the character of the property upon which he made the loan, and upon his own neglect to take any measures to protect himself. He knew the terms of the lease, the amount of the rent, and when it was payable. He also knew that for nonpayment the tenant could be dispossessed and the lease canceled. It would not have been a difficult matter for the mortgagee to assure himself, as each rent period arrived, whether the rent was promptly paid or not, and, if necessary, to provide for its payment. The landlord was under no obligation to consult either the interest or the convenience of the mortgagee of the lease, but was justified, on nonpayment of the rent, to pursue the remedies given him by statute.

The final order must be affirmed, with costs. All concur.