(58 Misc. Rep. 217.)

MAHONEY v. HOFFMAN et al.

(Supreme Court, Appellate Term. March 5, 1908.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—"INTRUDERS" AND "SQUATTERS."

Where a lease was terminated by a warrant in summary proceedings for nonpayment of rent, an assignment of the lease without the landlord's consent, in violation of the covenants of the lease, did not confer any right upon the assignee, where his occupancy of the premises covered by the lease did not begin until after its termination; but such occupancy rendered him a mere "squatter" or "intruder," within Code Civ. Proc. § 2232, subd. 4, authorizing summary proceedings to recover possession of land from a person who has intruded into or squatted upon any real property without the permission of the person entitled to the possession thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 1295.

For other definitions, see Words and Phrases, vol. 4, p. 3746; vol. 7, p. 6619.]

**2. SAME—DEFENSES—COLOR OF TITLE.**

    Proceedings to dispossess a squatter or intruder were maintainable under Code Civ. Proc. § 2232, subd. 4, authorizing such proceedings against such persons, though defendant asserted an entry under color of title, where the paper title relied upon by him amounted to nothing.

**3. SAME—LEASES—ASSIGNMENTS—RIGHTS OF ASSIGNEES.**

    The rights of an assignee of a lease, who was not in possession, were subject to immediate defeat by the assignor's summary removal from the leased premises.

**4. SAME—RECOVERY OF POSSESSION BY LANDLORD—FORCIBLE ENTRY AND DETAINER BY TENANT—JUDGMENT—OPERATION AND EFFECT.**

    Where a lease was terminated by a warrant in summary proceedings, the rights of an assignee of the lease, who went into occupancy after its termination, were not strengthened by an order in forcible entry and detainer proceedings in favor of a predecessor who was in possession and was disturbed without having been made a party to the dispossess proceedings, where the assignee did not come upon the premises as the predecessor's tenant, but independently as an assignee of the lease, since there was no adjudication of title in the predecessor, and the assignee took only such interest as could pass by the assignment, and the personal immunity from disturbance of the predecessor was not such an interest.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Summary proceedings by Dennis Mahoney against Adam Hoffman and others to recover possession of real property. From a final order awarding possession of the premises to petitioner, respondents appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Guggenheimer, Untermyer & Marshall (Alvin Untermyer, of counsel), for appellants.

Heinzelman & Walker, for respondent.

BISCHOFF, J. The appellant was an "intruder" or "squatter," within the meaning of section 2232, subd. 4, of the Code of Civil Procedure, and the final order awarding possession of the premises to the respondent should be affirmed. A right of possession was claimed by this appellant through assignments of a lease from the respondent, the owner, to one Elliott; but by a warrant in dispossess proceedings for nonpayment of rent this lease was terminated before the appellant's occupancy began, and whatever rights he took under the assignment—made without the landlord's consent and in violation of a covenant of the lease—came to an end. Code Civ. Proc. § 2253. His paper title, or claim of title, did not protect him, because it amounted to nothing; and, notwithstanding the assertion of an entry under color of title, these proceedings were maintainable. O'Donnell v. McIntyre, 41 Hun, 100, reversing 16 Abb. N. C. 84, cited for appellant; 3 McAdam, L. & T. (3d Ed.) p. 235.

There is nothing to indicate that this defendant's assumed right of possession was in any way saved from the termination of the lease to Elliott. He (the defendant) was not in possession, and his rights, if any, were subject to immediate defeat through the tenant's summary removal. Rubenstein v. Rosenthal, 50 Misc. Rep. 313, 98 N .Y. Supp.

681. The fact that Buchler, a predecessor, who was in possession and was disturbed without being made a party to the dispossess proceedings, obtained a favorable order in forcible entry and detainer proceedings, does not strengthen the defendant's rights, since there was no adjudication of title in Buchler, and the defendant came upon the premises, not as Buchler's tenant, with the same possession, but independently, as an assignee who took only such an interest as could pass by assignment, which Buchler's bare personal immunity from disturbance, while he remained in possession, was not.

The final order should be affirmed, with costs. All concur.