ROBERT L. ALBERT, Respondent, *v.* HERMAN SCHRANK and KNARLTON REALTY COMPANY, INC., Appellants.

First Department, November 3, 1922.

Principal and agent — action to recover commission for sale of real estate — defendants owned property as tenants in common — sale failed because of misrepresentations of one of defendants as to income — statement of one tenant in common not binding on other — recovery cannot be had against other tenant in absence of proof of special authority or knowledge and acquiescence in statements — tenant making statement liable.

In an action to recover commissions for the sale of real estate against the owners who were tenants in common in which the plaintiff bases his right to commissions on the fact that he produced a purchaser ready, willing and able to purchase

First Department, November, 1922.            [Vol. 203

and that the failure to complete the sale was due to the misrepresentations by one of the tenants in common as to the income of the property, a recovery cannot be had against the other tenant in common in the absence of any proof of special authority on the part of the tenant making the statements or of knowledge and acquiescence by the other tenant, since the relationship of tenants in common is not such that a statement by one is binding upon another. However, the tenant making the false representations which were directly responsible for the failure to complete the sale is liable for the commissions.

APPEAL by the defendants, Herman Schrank and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 3d day of November, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 9th day of November, 1921, denying defendants' motion for a new trial made upon the minutes.

*Joseph E. Greenberg* [*Jacob Landy* of counsel], for the appellants.

*Jacob C. Brand* [*Jehial M. Roeder* of counsel], for the respondent.

GREENBAUM, J.:

The gravamen of the plaintiff's cause of action is that he was employed by the defendants to procure the sale of premises known as 1237 Hoe avenue, borough of The Bronx, of which they were owners, for the sum of $100,000 upon certain stated terms; that at the time of the employment he was told by the defendant Schrank that the gross rentals of the premises aggregated upwards of $17,000; that he succeeded in finding purchasers ready, able and willing at that price and upon the terms fixed by the defendants; that plaintiff procured the purchasers upon the alleged representations of Schrank as to the rentals, which he communicated to them, and upon the correctness of which he and they relied; that when the prospective purchasers met plaintiff and the defendants for the purpose of entering into a formal agreement for the purchase of the premises, the prospective purchasers were informed by the defendants that the annual rentals aggregated approximately the sum of $15,600; that thereupon they declined to pay $100,000 for the property and offered to buy at a reduced sum, to which the defendants declined to accede.

There is no proof that the defendant corporation gave Schrank special authority to sell the premises or that the representations as to rentals were made known to it and acquiesced in by it. The theory of the plaintiff seems to be that the relations between the defendants were those of partners or joint adventurers and that the representations of one of them would be binding upon the other upon the ground of an implied agency. Whether the representations imputed to Schrank were made and whether the defendant corporation was bound by them, if made, were questions not

specifically submitted to the jury. The learned justice only submitted to the jury the questions whether the defendants authorized plaintiff to procure purchasers upon the terms fixed, and whether he procured persons who were ready, able and willing to buy the property upon those terms.

There was no objection by either of the parties to the charge of the learned court, and no request was made to submit to the jury the disputed questions of fact as to Schrank's alleged misrepresentation of the annual rentals, or whether the defendant corporation had empowered Schrank to offer the property for sale, or whether the defendant corporation knew of the alleged misrepresentation by Schrank as to the annual rentals of the premises.

The record before us discloses no evidence that the officers of the defendant corporation had any knowledge as to Schrank's representation as to the rentals until the occasion when all the parties met at the premises of one Gertner, president of the defendant corporation, when upon being asked to give the details of the rentals, a computation was made and it was then stated by either Gertner or by Schrank that they amounted to about $15,600 annually.

The testimony of the plaintiff is that he was not acquainted with the defendant Schrank until he introduced himself to Schrank and inquired of him whether the property in question could be purchased; whereupon he was told that it could be purchased for the sum of $100,000 upon certain terms, and that the annual rentals amounted to upwards of $17,000 annually. This was the only interview which plaintiff had with the defendant Schrank up to the time when the parties met at Gertner's place of business. Schrank denied that he ever made any representations as to the annual rentals, and the evidence is undisputed that Gertner had charge of collecting the rents and managing the property in question.

At the end of plaintiff's case a motion was made for a dismissal on the ground, among others, that plaintiff had failed to make out a cause of action. At the close of the entire case there was a renewal of this motion.

The question, therefore, is whether the motions to dismiss should have been granted. As heretofore stated, there was no evidence showing that the defendant corporation had any knowledge of any representations made to the plaintiff as to rentals. The mere fact of ownership by two persons of a parcel of property as tenants in common does not constitute each a general agent of the other to enter into an executory agreement for the sale of the property. The parties were not engaged in the business of buying and selling real estate, nor was the property purchased by a partnership fund,

or for partnership purposes.    They were merely tenants in common. (Real Prop. Law, § 66.)

In *Barson* v. *Mulligan* (191 N. Y. 323) the court said: " The fact is, however, that he [referring to plaintiff] is only one of several tenants in common.    It was clearly beyond his power to bind his co-tenant by any unauthorized act or omission of his own." (Citing authorities.)

In *Cosgriff* v. *Foss* (152 N. Y. 104) VANN, J., writing, it was stated that " at common law a tenant in common, who has made permanent improvements, as distinguished from ordinary repairs, upon the common property, cannot recover from his co-tenant any part of his expenditures for that purpose, unless they were made at the request or with the consent, express or implied, of the latter." (Citing numerous cases and authorities.)

*A fortiori,* an authority on the part of one cotenant to contract for the sale of the entire freehold will not be implied, and assuredly, under the circumstances here appearing, a misrepresentation on the part of one cotenant will not be deemed a misrepresentation of the other or an acquiescence therein.

Since there was no implied authority on the part of Schrank, as a tenant in common, to act as the agent of his codefendant in respect of a sale, and as there was no evidence of any such agency in fact, the judgment must be reversed as to the defendant corporation.

The verdict, however, should stand as against the defendant Schrank.    It is true that the jury were not specifically instructed to find whether or not the defendant Schrank had made any misrepresentations as to the annual rentals.    It seems reasonably clear, however, that the jury evidently must have reached its verdict upon the finding of fact that Schrank misrepresented the rentals, and the parties evidently so understood it, in view of their omission to request the trial justice specifically to charge upon that issue of fact.

The judgment and order should be reversed, with costs as against the Knarlton Realty Company, Inc., and the complaint dismissed, with costs to said defendant, and affirmed as to the defendant Schrank, with costs to the plaintiff.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

As to defendant Herman Schrank, judgment and order affirmed, with costs; as to defendant Knarlton Realty Company, Inc., judgment and order reversed, with costs, and complaint dismissed as to said defendant, with costs.