In the Matter of Joseph N. Early and Others, Landlords, Appellants, *v.* Joseph Robinson, Tenant, Frank White, Undertenant, Respondent, William Stein and the Club Rivoli, Undertenants.

Supreme Court, Appellate Term, First Department, November 11, 1926.

Summary proceedings to dispossess — tenant was dispossessed — agreement between subtenant and one tenant in common not binding on other tenants in common — possession awarded to landlords.

In summary proceedings to dispossess a subtenant, the tenant previously having been dispossessed, the subtenant cannot successfully defend on the ground of an agreement with one of three tenants in common, owners of the building, for such an agreement will not bind the other tenants in common unless made with authority, a fact not established in this proceeding, and, therefore, a final order in favor of the subtenant is reversed and possession awarded to the landlords.

Appeal by landlords from a final order of the Municipal Court, Borough of Manhattan, Third District, in summary proceedings denying them possession of premises as against a subtenant.

*George P. Foulk,* for the appellants.

*Samuel M. Katz,* for the respondent.

O'Malley, J. This order must be reversed. The tenant has been dispossessed. In fact he did not defend. The subtenant claims to have made a new lease for the remainder of the term during which the tenant's lease ran with one of the three tenants in common, landlords herein. The agreement for a' new lease is denied by the tenant in common who claims he never saw or talked with the subtenant on the subject. While the evidence was sufficient to warrant a finding by the court that the agreement was made, this does not avail the subtenant for the reason that such an agreement on the part of one tenant in common would not bind the other two, unless he was authorized to act for them. (*Valentine* v. *Healey,* 158 N. Y. 369; *Albert* v. *Schrank,* 203 App. Div. 149; *DeLancey* v. *Robbin,* 123 N. Y. Supp. 946.) There is no evidence tending to show such authority, or any ratification.

I recommend a reversal of the order and awarding of possession to the landlords, appellants.

Final order in favor of subtenant White reversed, with thirty dollars costs, and final order awarded the petitioner for the possession of the premises.

All concur; present, DELEHANTY, LYDON and O'MALLEY, JJ.