SANTO PUGLIESE, a Tenant in Common with CONCETTA PUGLIESE, Landlord, *v.* MICHAEL SABURRO et al., Tenants.

County Court, Schenectady County, April 6, 1949.

*Mitchell A. Kohn* for landlord.

*J. Vincent Cerrito* for tenants.

LIDDLE, J.  In this summary proceeding petitioner, Santo Pugliese, seeks to recover immediate possession of the premises known as lower flat, No. 1329 Webster Street in the city of Schenectady, from respondents Michael Saburro and Frances Saburro, his wife.

The verified petition alleges the usual allegations as set forth in section 1415 of the Civil Practice Act.  The respondents deny the allegations of the petition and further allege as an affirmative defense that they are now in occupancy through a lease by the cotenant of petitioner and further that subsequent to the bringing of the proceeding, the cotenant of petitioner

executed and delivered a deed whereby respondents became likewise cotenants of the premises in question.

From the testimony it appears that on or about the 10th day of June, 1944, the petitioner Santo Pugliese and his wife, Concetta Pugliese purchased the premises in question by warranty deed and took title to the premises as tenants in common, and that the said Puglieses are sole tenants in common of the premises in question, as described in said deed, which deed was recorded in the Schenectady County Clerk's Office on June 12, 1944, in liber 504 of deeds at page 517.

It appears further that the Puglieses have lived separate and apart for some time and are still living separate and apart, although it appears there is no decree in a court of competent jurisdiction, altering or changing their marital status.

It further appears from the testimony that prior to the institution of this proceeding, Concetta Pugliese leased the lower flat in question and the subject matter of this proceeding, to her daughter, Frances Saburro and her husband, Michael Saburro, without the knowledge or consent of petitioner herein.

It appears further that Santo Pugliese, petitioner herein, paid certain of his own moneys toward the purchase price of the premises, together with his cotenant, Concetta Pugliese.

It appears further that pursuant to statute made and provided and previous to the institution of this proceeding, Santo Pugliese, petitioner herein, duly served a notice, pursuant to statute made and provided, demanding possession of the premises in question for himself in good faith. Respondents testified that on February 19, 1949, and subsequent to the institution of this proceeding, Concetta Pugliese, the cotenant of Santo Pugliese, executed and delivered to the respondent Frances Saburro, her undivided one-half interest to the premises in question, which deed was dated February 19, 1949, and duly recorded in the Schenectady County Clerk's Office in liber 596 of deeds at page 36, on the 21st day of February, 1949.

It appears conclusively that the execution of this deed was a subversive act by petitioner's cotenant to allegedly defeat or attempt to defeat the petitioner's right of possession and occupancy. The execution of this deed is of no effect and validity as to the initial right of the petitioner to secure possession or occupancy of the premises in question.

It is well established that tenants in common are each entitled to a unity of possession. (See *Wainman* v. *Hampton,* 110 N. Y. 429; *Kristel* v. *Steinburg,* 188 Misc. 500; *Matter of Early* v. *Robinson,* 128 Misc. 184.)

While it appears to this court that the more substantial remedy between the parties in interest would be that of partition, however, it appears that the petitioner has clearly established by competent, legal evidence that he is entitled to the immediate possession, in good faith, of the premises in question and therefore I am impelled to grant the order of petitioner, and the warrant. The warrant is stayed, however, in the sound discretion of the court, until the 1st day of June, 1949, at twelve o'clock noon. Submit order.