Bebhakd Weiss, J.
This is a holdover summary proceeding, based on subdivisions 8 and 9 of section 1411 of the Civil Practice Act, by the purchaser of a one-family house as owner against the vendor and his wife as occupants, the wife actually being the sole occupant and the husband having defaulted in appearing herein.
The petition alleges, among other things, that: On February JO, 1961, the premises were sold and conveyed to the petitioner for $12,000, $2,000 in cash and the remainder by purchase-money bond and mortgage. Due notice to quit ivas served upon the vendor and his wife, who have failed to comply therewith and continue in possession without permission of the petitioner.
The occupant -wife generally denies the allegations- of the petition and asserts two affirmative defenses. First, that she lias been the sole occupant of and the vendor has not lived in the premises since June, 1960, when she secured a legal separation from him; and that she is neither a tenant nor the grantor in possession. Second, that in an attempt to remove his wife *829 from the premises the vendor entered into a conspiracy with the petitioner for the “ professed ” sale for $12,000 of a house, which petitioner had never seen, worth over $18,000; that the $2,000 paid in cash was not the petitioner’s money, but was given to him to lend color to a fraudulent transaction; and that the institution of this proceeding is part of that conspiracy.
The rights of the parties are contingent upon the following provisions in the separation decree of the Supreme Court for this county made on June 29, 1960, in favor of the defendant wife:
‘ ‘ ordered, adjudged and degreed, that the defendant shall be permitted to reside without the payment of rent, in the one family house, owned by the plaintiff and described as # 213 East 379th Street, in the Borough of the Bronx, City of New York, in which house the defendant now resides.
‘£ As long as the plaintiff shall remain the owner of this house he shall pay the carrying charges of the premises and household equipment and repairs, which includes real estate taxes and assessments, sewer taxes, insurance, gas, electricity, heating oil, repairs, mortgage and amortization and interest, liability insurance ”.
Interestingly enough, on December 15, 1960, the same court in the same action denied the wife’s motion to restrain the husband from selling the premises, holding: ££ The decree of the court does not forbid the sale by the plaintiff and allows defendant to live rent free so long as plaintiff remains the owner. Defendant’s remedy is for an application to increase alimony Avhcn she is obliged to leave because of the sale.” (N. Y. L. J., Dec. 16, 1960, p. 13, col. 6.)
Subdivisions 8 and 9 of section 1411 of the Civil Practice Act, captioned £ 1 Additional cases in Avhich tenants and others may be removed,” read as follows:
£ 1 8. In any case not otherwise provided for in this article, where he is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, or (c) the licensor is no longer entitled to possession of the property: provided, hoA\rever, that a mortgagee or vendee in possession shall not be deemed to be a licensee Avithin the meaning of this subdivision.
££9. Where the owner of real property, being in possession of all or a part thereof, and having voluntarily conveyed title to the same to a purchaser for value, remains in possession AA’ithout permission of the purchaser.”
*830 The wife disputes the applicability thereof and contends that this court therefore has no jurisdiction. In view of the court’s construction o'f subdivision 8, it becomes unnecessary to pass on subdivision 9.
In support of the court’s jurisdiction under subdivision 8, the petitioner relies on Tausik v. Tausik (11 A D 2d 144, add. without opinion 9 N Y 2d 664).
In that case the Appellate Division of this Department held that :
8 6 Before the enactment of subdivision 8, the remedy to recover possession where a license had expired or had been revoked ■was by an action in ejectment. Such a suit could be maintained between spouses who had separated even though there was no judicial separation (Wood v. Wood, 83 N. Y. 575).
“ Subdivision 8 of section 1411 merely substituted the speedy remedy of a summary proceeding for the more cumbersome ejectment action. Clearly the written agreement herein signed by the -wife (coupled with the payment by the wife of $450 in advance for the carrying charges of the co-operative apartment involved), constituted a license to use the husband’s property. * * * All that is decided here is that a valid agreement of license was made; and the license having expired, the husband may avail himself of the statutory remedy given by subdivision 8 of section 1411 of the Civil Practice Act, instead of suing in an action of ejectment ” (pp. 144-145).
The wife seeks to distinguish Tausih on the ground that the same was predicated on an “ agreement of license ” and argues that, in the absence of such agreement, that court would have held otherwise.
On the contrary, Mr. Justice McNally dissented on the ground, among others, that: “In any event, the application of subdivision 8 at the instance of her spouse to a wife not judicially separated offends public policy” (p. 146, emphasis supplied).
This court holds that Tausih is controlling and that a wife in possession under a judicial decree of separation providing that lie]- right of occupancy is dependent upon her husband’s ownership is a licensee within the ambit of subdivision 8 of section 1411 of the Civil Practice Act, and that summary proceedings lie by the purchaser petitioner.
That being so, the sole issue is as to the bona fides of the sale, i.e., whether the husband, in fact, ceased to be the owner so as to invoke the condition precedent to the commencement of this proceeding. On this score, suffice it to say that the defense of a fraudulent conspiracy to vest nominal title in the petitioner *831 as alter ego for the husband for the purpose of terminating the wife’s occupancy in contravention of the separation decree was wholly unsubstantiated by the evidence. After trial, final, order in favor of the petitioner. Stay to May 31, 1961.