Leonard L. Fine, J.
In this proceeding to determine the rights of the petitioner landlord against the respondent, the sole question is whether the respondent is a squatter, as defined under subdivision 3 of section 713 of the Real Property Actions and Proceedings Law.
The facts, which are of some human interest, are as follows:
The respondent, Anna Melkun married Adam Melkun on October 4, 1958, each having been widowed and each having entered into this, their second marriage in the later stages of their lives. Together they lived in one of two apartments of a dwelling-owned solely by the husband, Adam Melkun. Twelve years later in 1970 Adam Melkun executed a new deed transferring his sole title of the subject premises to himself, his daughter, and son-in-law (the petitioner herein) as joint tenants. During the entire period of his marriage to the respondent, he continued to live together with her in the same apartment, which is now the subject of this dispute. Adam Melkun died at age 77, in January of 1972, and the title to the subject premises, it would appear, vested by operation of law in his daughter and petitioner son-in-law. The petition now urges that the respondent, who is 78 years of age, is but a bare squatter and as such, has no legal defense to the instant proceeding.
The respondent urges conversely that, having come upon possession by reason of the matrimonial domicile created by her marriage to the deceased Adam Melkun, such a proceeding describing her as a squatter is without a sufficient basis in law, and must, therefore, fail.
An examination of the case law addressed to section 713 of the Real Property Actions and Proceedings Law sets forth a plethora *576 of decisions, none of which, however, address themselves to the specific issues raised herein (see Matter of Brennecke v. Smith, 42 Misc 2d 935; Matter of Cheek v. Salkind, 28 Misc 2d 828; Tausik v. Tausik, 21 Misc 2d 599, affd. 11 A D 2d 144, affd. 9 N Y 2d 664; Stier v. President Hotel, 28 A D 2d 795; Kaufman v. Zash, 7 A D 2d 927, affd. 7 N Y 2d 831; Williams v. Alt, 226 N. Y. 283).
The petitioner argues that there is a sufficient basis for the success of this proceeding and urges the general applicability of section 713 of the Beal Property Actions and Proceedings Law in providing the relief sought.
This court disagrees with the petitioner’s contentions and finds that his interpretation of section 713 of the Beal Property Actions and Proceedings Law is misplaced. As stated by the learned unanimous court of the Appellate Division, Third Judicial Department, in Matter of Robbins v. De Lee (34 A D 2d 870): “To maintain summary proceedings under subdivision 3 of section 713 of the Beal Property Actions and Proceedings Law, commonly known as ‘ squatter proceedings ’, it is essential that the occupant sought to be removed, or the person to whom the occupant has succeeded, intruded into or squatted upon the premises, in the first instance, without permission of the owner, his predecessor in title or one entitled to possession (citations follow) ”.
Although the Bobbins decision provides the basis for a dismissal of a petition .seeking subdivision 3 of section 713 of the Beal Property Actions and Proceedings Law relief, wherein the occupant’s rights are predicated upon a commercial instrument, the thrust and tone of Bobbins is equally applicable herein. To suggest otherwise would in effect callously leave a widow bare of any possessory right evolving from a matrimonial domicile she earned, came upon and .shared lawfully with her husband, as in the instant case, for 14 years. It is in this context that the holding in Cardosanto v. Cardosanto (15 Misc 2d 1001), is distinguishable from the facts herein and accordingly held to be inapplicable. Further, whatever motivations the deceased Adam Melkun had in depriving his wife (thé respondent herein) of any proprietary interest by virtue of his act of conveyance to his daughter and petitioner .son-in-law, is neither known, nor before this court. What is before this court, however, is the widow respondent’s legal resistance to being adjudged an intruder or squatter, thereby being discarded as unnecessary surplusage.
It has been said often that the body of law governing summary proceedings must be interpreted in a strict, exact, and *577 unyielding manner, even at the risk, sometimes, of the denial of equitable justice. In that connection, however, this court does not have to strain the meaning of the governing statute in that the basis for the recovery of possession provided under section 713 of the Real Property Actions and Proceedings Law is reasonably clear. Its language suffers neither the disability of ambiguity, nor of ambivalence. As such, this petitioner cannot remove this respondent by institution of a “ squatter proceeding” in this instance, in this forum. Whether there are other remedies available to the petitioner, either in summary proceedings or by the institution of a Supreme Court action in ejectment, is not for this court to suggest.
Accordingly, the petition is dismissed.