■ MORRIS B. FISHER et al., Appellants, v. QUEENS PARK REALTY CORP. et al., Respondents.— In an action to recover damages for prima facie willful tort, plaintiffs appeal from an order of the Supreme Court, Queens County, dated February 24, 1971, which granted defendants' motion to dismiss the complaint for failure to state a cause of action. Order reversed, with $10 costs and disbursements, and motion denied. In a 49-paragraph complaint, plaintiffs set forth four causes of action arising out of what they call a prima facie willful tort surrounding an oral agreement for the leasing of an apartment in a rent-controlled building. In the first cause of action, which seeks compensatory damages of $150,000, plaintiffs allege an oral agreement for the leasing to them of an apartment for a period of two years with defendants' renting agent who represented to plaintiffs that she had authority to make said agreement and to cause it to be consummated by execution of a written lease

thereafter. The leasehold was to commence on August 1, 1968 and terminate on July 31, 1970. On May 17, 1968, the same day on which plaintiffs entered into the oral agreement, they paid, by checks to the landlord defendants, one month's rent and one month's security for the subject premises. In order to facilitate the execution of the lease, said defendants delivered at least two form leases to plaintiffs which were signed by them and returned to said defendants. On July 31, 1968, the superintendent of the premises delivered the key to plaintiffs. Thereafter, plaintiffs had the apartment painted and decorated at their own expense. Said defendants then had several old appliances removed and had a new sink and stove installed. Plaintiffs allege further that on August 23, 1968 said defendants and their agents acting on their behalf negotiated and entered into a lease agreement for themselves, for the subject premises, with defendants Altholtz. On the same day, the landlord defendants caused the locks on the apartment in question to be changed, thereby effectively barring plaintiffs from entry to the premises. However, on the same day, plaintiffs were able to gain entry into the apartment and were able to exclude all others by locking the doors and nailing the windows. Later the same day, defendants returned to said apartment with a contingent of policemen and one of them accused plaintiff Morris B. Fisher of committing assault and menacing. Thereafter, said defendant obtained a summons charging said plaintiff with harassment. Following this incident, plaintiffs were able to remain in possession of the apartment. Thereafter, on August 26, 1968, the landlord defendants caused the electrical current flowing into the apartment to be discontinued. Despite all efforts on behalf of plaintiffs to restore the electrical current, they were unable to do so and were compelled to vacate the premises and to seek other temporary quarters. On November, 19, 1968 defendants commenced an action in the Civil Court of the City of New York for the recovery of possession of the premises. On March 5, 1969, an order was made and entered in that action denying defendants the relief which they had sought therein. By reason of the foregoing, plaintiffs claim damages of $150,000. The second cause of action repeats all of the allegations of the first cause of action and alleges further that defendants, acting in concert pursuant to a common scheme, maliciously committed and made false representations with intent to injure and damage plaintiffs and to cause plaintiffs harm and anguish without just cause. The third cause of action repeats the allegations of the first cause of action and alleges that certain of the defendants represent landlords and supervise and control the actions of more than 500 tenants and that in order to dissuade them from committing similar acts with respect to those tenants they should be compelled to pay punitive damages. The fourth cause of action essentially repeats the allegations of the first cause of action and alleges further that defendants have unlawfully conspired with each other and devised a scheme to injure plaintiffs, specifying alleged overt acts. In our opinion the learned Special Term Justice was correct in finding that the complaint fails to state a cause or causes of action in prima facie willful tort. "The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful" (*Ruza* v. *Ruza*, 286 App. Div. 767, 769). However, it is axiomatic that pleadings are to be liberally construed in favor of the pleader (CPLR 3026). "Upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action 'every intendment and fair inference is in favor of the pleading.' * * * If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied" (*Dyer* v. *Broadway Cent. Bank*, 252 N. Y. 430, 432-433). In this light, we are of the opinion that the complaint states an actionable

wrong committed by defendants for which a remedy lies. Here, plaintiffs entered upon the premises with the permission of the landlord defendants. The latter gave plaintiffs the key to the apartment and furnished them with several new kitchen appliances. Plaintiffs were asked to sign a lease which they did and which was forwarded to the landlord defendants. According to section 228 of the Real Property Law, a tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than 30 days given in behalf of the landlord, to the tenant, requiring him to remove from the premises. One who enters upon lands by permission of the owner without any term being prescribed or without reservation of rent is a tenant at will and, as such, is entitled to one month's notice to quit (*Larned* v. *Hudson*, 60 N. Y. 102). Moreover, a tenant in possession under an invalid lease is a tenant at will and is entitled to the notice required by section 228 of the Real Property Law before he can be removed (*Carman* v. *Fox*, 86 Misc. 197). " For disturbance or interference with his possession, the tenant is entitled to recover such damages as are the natural consequence of the landlord's trespass or wrongful act " (33 N. Y. Jur., Landlord and Tenant, § 152, p. 486). Thus, in our opinion, the complaint alleges that defendants have violated plaintiffs' rights afforded them by the above-mentioned statute. If that claim is established at trial, defendants should respond in damages. Also, for the flagrantly unlawful interference with plaintiffs' possession, if established, defendants may be liable for punitive damages (*I.H.P. Corp.* v. *210 Cent. Park South Corp.*, 16 A D 2d 461, affd. 12 N Y 2d 329). Rabin, P. J., Hopkins, Martuscello, Latham and Christ, JJ., concur.