OPINION of the court
Herbert Kramer, J.
May a squatter proceeding be used to evict a lessee whose possession is pursuant to a long-term lease which has not been executed by all of the tenants in common?
The commercial premises in question is owned by Lawrence Kassover, et al., owners, a tenancy in common. A lease was entered into by the tenant, Gordon Family Associates, Inc., hereinafter GFA, and all but one of the tenants in common. The nonsignatory, petitioner herein, Philip Kassover, purportedly consented to the appointment of an agent, who signed on his behalf.
The long-term lease given to the tenant, GFA, called for a rental grace period. This was in recognition of the major renovations necessary to restore the premises to meaningful use. Upon completion of renovations to the badly fire-gutted premises, at a cost in excess of $25,000, petitioner, nonconsenting tenant in common, seeks to remove respondent GFA as a squatter. (RPAPL 713, subd 3.)
*197 Petitioner, Philip Kassover, contends that a lease is void in its inception absent unanimity of the tenants in common. The petitioner further contends that entry pursuant to a void lease may be terminated by the instant squatter proceeding.
Contrary to the position espoused, a lease of an entire parcel by less than all the tenants in common creates an interest in the lessee akin to a tenancy in common during its term. (Mott v Underwood, 73 Hun 509; Johnston v Johnston, 131 Misc 323; see 13 NY Jur, Cotenancy and Joint Ownership, § 54; Ann., 49 ALR2d 797, 819.) Thus the lessee and the nonconsenting owner become tenants in common.
The general rule allows each cotenant the nonexclusive use of the entire premises and permits either an action for ejectment, or pursuant to RPAPL 713 (subd 3) after an ouster. The relief is limited to the return to nonexclusive possession. (Mott v Underwood, supra; Trustees of Church & Soc. v Johnson, 66 Barb 119; Finnegan v Humes, 252 App Div 385, affd 277 NY 682; Gilman v Gilman, 111 NY 265; Pugliese v Saburro, 276 App Div 794; Matter of Panzica v Cimino, 21 Misc 2d 1076.)
Exceptions to the general rule are:
(1) Lease of less than all of the property (Schwartz v Serino, 116 NYS2d 882; Matter of Early v Robinson, 128 Misc 184; see, also, Tainter v Cole, 120 Mass 162; Bartlet v Harlow, 12 Mass 348; cf. Palmer v Palmer, 150 NY 139). The rationale for distinguishing a lease of the whole parcel from a lease of a portion thereof is the increased potential difficulty upon partition.
(2) Lease of a premises incapable of nonexclusive use (Hall v Boyd, 347 Ill App 60; cf. Schwartz v Serino, supra; Matter of Early v Robinson, supra; Pugliese v Saburro, supra).
The majority of cases where a tenancy in common is not established by the conveyance, holds the tenancy as one at will, or for a term. (Ann., 49 ALR2d 797 et seq.; Sochoshinski, American Law of Landlord & Tenant, §2.17; Rasch, NY Landlord & Tenant [2d ed], § 47.) Contrary to the parties’ position, the lease in question may not be void but *198 merely voidable, at the option of the nonconsentor (Tainter v Cole, supra; Ann., 49 ALR2d 797, §§ 1, 4).
Moreover, the tenant, while in possession under such lease, cannot dispute his landlord’s title despite the fact that the lease, on its face, may show lack of title in the landlord. (Tilyou v Reynolds, 108 NY 558; Rasch, NY Landlord & Tenant [2d ed], § 91.) Thus, the lease is in effect and continues until disaffirmed by the true landlord, thereby creating a voidable, not void, lease. However, it is only the void lease, without permissive occupancy ripening into a tenancy at will that allows eviction under RPAPL 713 (subd 3). (Carmon v Fox, 86 Misc 197; Mahoney v Hoffman, 58 Misc 217; Fisher v Queens Park Realty Corp., 41 AD2d 547.)
This court thus holds that the lease is at best voidable, that the tenant entered with permission, and that structural repairs were made and accepted in lieu of the grace period rent, each of which requires proceeding under RPAPL 711.
Finally, entry under a void lease does not necessarily allow eviction under RPAPL 713 (subd 3), even assuming that the lease does not create the right of a cotenancy nor a tenancy at will. The court’s analysis indicates that two diverse or antagonistic lines of cases do not exist, contrary to the views of the parties. In fact, all cited cases in the area are harmonious.
A proceeding under RPAPL 713 (subd 3) is maintainable after an entry or intrusion upon land without right or claim of right and which has neither ripened into a tenancy at will, for a term, nor is an unrevoked license. The touchstone is a nonpermissive entry followed by the absence of any acts, primarily on the part of the owner, such as the acceptance of rent, which would ripen the possession into any form of tenancy. Alternatively, a void entry may not allow the use of a squatter proceeding where there has been permission or license without subsequent revocation thereof. (Williams v Alt, 226 NY 283; Kaplan v Volk, 273 App Div 215; Mahoney v Hoffman, 58 Misc 217, supra; Fisher v Queens Park Realty Corp., 41 AD2d 547, supra; Century Paramount Hotel v Rock Land Corp., 68 Misc 2d 603; MacArthur v Walter, 182 NYS 690; Statement, Inc. v *199 Pilgrim’s Landing, 49 AD2d 28; Matter of Robbins v De Lee, 34 AD2d 870; Kaufman v Zash, 7 AD2d 927, affd 7 NY2d 831; Rosefan Constr. Corp. v Salazar, 114 Misc 2d 956; Murawski v Melkun, 71 Misc 2d 575; Carman v Fox, 86 Misc 197, supra; Stier v President Hotel, 28 AD2d 795; Altschuler v Lipschitz, 113 NYS 1058.)
Stated differently, RPAPL 713 (subd 3) may be utilized:
(1) For removal of a tenant whose entry into possession is simply without claim of right (Mahoney v Hoffman, supra; Kaplan v Volk, supra).
(2) To restore a tenant in common to an undivided right of possession subsequent to an ouster (cf. RPAPL 633; Trustees of Church & Soc. v Johnson, 66 Barb 119, supra; Matter of Panzica v Cimino, 21 Misc 2d 1076, supra).
(3) To obtain unrestricted possession from a lessee, not a “tenant”, of premises capable only of exclusive use. (Hall v Boyd, 347 Ill App 60, supra; Schwartz v Serino, 116 NYS2d 882, supra.)
However, where the original entry is with permission, the appropriate vehicle for removal is RPAPL 711. (Fisher v Queens Park Realty Corp., supra; Murawski v Melkun, supra.) Finally, where the original entry was without permission, but which ripened into a tenancy at will, the use of RPAPL 711 is required. (Carmon v Fox, supra.)
Having elected to proceed under RPAPL 713 (subd 3), the petitioner is limited to the relief authorized thereunder. There is no indication in the papers whether all or part of the premises were conveyed. Thus, alternatively, either a tenancy at will of a portion of the entire premises was created and may terminate pursuant to RPAPL 711, or, a tenancy in common was created for the entire premises which may be limited to nonexclusive use pursuant to RPAPL 713 (subd 3). Petitioner is thereby limited to the afore-mentioned relief under RPAPL 713 (subd 3). As can be seen, summary relief is of limited scope herein. The better procedure for all the parties, including respondent, is to move for partition (RPAPL 901).
Motion denied.