(28 App. Div. 362.)

## MELCHER v. KREISER.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. ACTION FOR RENT—ESTOPPEL OF TENANT.

An action for rent was brought upon a lease under seal made between the plaintiff, "as attorney and agent for the owner, lessor," and the defendant, as lessee, and signed by the plaintiff as "agent and attorney." The making of the lease, the entry of defendant thereunder, the continuance of possession

by agreement from month to month, the fact that he was in possession when the action was commenced, and that the rent claimed was unpaid, were all established. The complaint was dismissed on the ground that the action was not brought by the real party in interest. *Held*, that defendant was estopped to deny the existence of the relation of landlord and tenant between himself and plaintiff as attorney, and his liability to pay rent to plaintiff as agreed in the lease.

**2. SAME—PARTY IN INTEREST.**

*Held*, further, that the contract being under seal, and having been made by the plaintiff personally, although describing himself by the word "agent," he was the only party of the first part thereto, and that he, and not those for whom he might have been agent, was entitled to sue on it.

**3. SAME—TRUSTEE OF EXPRESS TRUST.**

*Held*, further, that, assuming that it could be inferred from the lease that plaintiff made the contract for the benefit of other persons, still he was a person with whom or in whose name a contract is made for the benefit of another, and therefore entitled, as trustee of an express trust, under Code Civ. Proc. § 449, to maintain the action.

Appeal from special term, New York county.

Action by John L. Melcher against Samuel Kreiser. From a judgment (50 N. Y. Supp. 1130), affirming an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

John S. Melcher, for appellant.

E. J. Myers, for respondent.

RUMSEY, J. The action was brought upon a lease under seal made between John L. Melcher, "as attorney and agent for the owners of the premises hereinafter described, party of the first part, lessor, and Samuel Kreiser, of the said city, lessee, party of the second part." The paper was signed, "John L. Melcher, Agent and Attorney." It provided for renting certain property for two months from the 19th of October to the 19th of December, at $400 a month. The complaint contained an allegation that the lease was continued from month to month, subject to all the terms and conditions of the lease, and that the defendant continued in possession of the premises, and was in possession at the time of the commencement of the action. It alleged that the rent due on the 19th of April, 1897, and the 19th of May, 1897, was unpaid, except the sum of $300, and that there was due to the plaintiff, by reason of the unpaid rent for those two months, the sum of $500, for which judgment was demanded. The answer, omitting the formal parts, is as follows: The defendant "denies the allegation contained in the first paragraph of said complaint and in folio two thereof, and further alleges that the plaintiff is not the real party in interest, but is merely the attorney or agent for the owners of the premises set forth in the complaint herein, and that the real parties in interest are, as defendant is informed and believes, Ellen S. Melcher and Mary Paget." On these pleadings the case came to trial. The plaintiff proved the execution of the lease, that the defendant went into possession under it and continued in possession, and then rested. Thereupon the court dismissed the complaint on the ground that the action was not brought by the real party in interest, and that there

was no rent due and unpaid. From the judgment entered upon that order of dismissal this appeal is taken.

That the rent was due and unpaid is admitted by the failure to deny it in the answer. Indeed, the answer contains no denial whatever. The statement that it denies "the allegation contained in paragraph first of said complaint and in folio two thereof" amounts to nothing. It is utterly impossible to ascertain from an examination of the papers presented to us what portion of the complaint is in "folio two," "paragraph first," because there is no such folio in the complaint. Such a pleading is entirely unwarranted and ineffectual, and is entitled to no weight whatever as a denial of anything. In the trial of this case, the plaintiff might well have stood upon the allegations of the complaint, insisting that no part of it was denied by the answer. But, even if paragraph first can be deemed to have been denied, the allegation that the rent was unpaid was contained in paragraph third, as to which no mention was made, and therefore, upon the record, there is no doubt that $500 of rent was unpaid, as the plaintiff claimed. The making of the lease, and the fact that the defendant went into possession under it, and that the possession was continued by agreement between the parties from month to month, and that the defendant was in possession at the time of the commencement of the action, were all established by the evidence as well as admitted by the pleadings. Upon that state of undisputed facts, the plaintiff was entitled to recover in this action for various reasons. In the first place, as it appeared that the defendant entered into possession of the premises by virtue of his lease from the plaintiff, and remained in possession under that lease, he was estopped from denying the existence of the relation of landlord and tenant between himself and Melcher as attorney, and his liability to pay rent to Melcher as he had agreed to pay in his lease. Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534. This contract being under seal, and having been made by Melcher personally, although describing himself by the word "agent," Melcher was the only party of the first part to this lease; and he, and not those persons for whom he might have been agent, was entitled to sue upon it. Schaefer v. Henkel, 75 N. Y. 378; Steel Co. v. Lundberg, 121 U. S. 451, 7 Sup. Ct. 958. If it can fairly be inferred from this paper that Melcher made this contract for the benefit of other persons, still he is a person with whom or in whose name a contract is made for the benefit of another, and therefore is a trustee of an expressed trust, within section 449 of the Code of Civil Procedure, and by the provisions of that section is entitled to maintain this action. Considerant v. Brisbane, 22 N. Y. 389. For all these reasons he was entitled to sue, and should have recovered the judgment in the action.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.