(121 App. Div. 110.)

QUIGLEY v. MONSEES et al.

(Supreme Court, Special Term, Kings County. October 10, 1907.)

1. HUSBAND AND WIFE—OWNERSHIP OF PROPERTY BY ENTIRETY.
    A husband and wife, owning realty as tenants by the entirety, hold, until the death of either, as tenants in common.

2. INTOXICATING LIQUORS—LICENSES—CONSENTS OF PROPERTY OWNERS—STATUTES.
    Where a husband and wife own realty as tenants by the entirety, the husband is not the agent of the wife, by virtue of the marital relation, and cannot without her authority give the consent required of owners by Liquor Tax Law, Laws 1896, p. 60, c. 112, § 17, subd. 8, as amended by Laws 1897, p. 220, c. 312, before the issuance of a liquor license.

3. SAME.
    A license was originally obtained for April only. No license was procured for May or June, and no liquor was sold on the premises in process of construction until after July 19th. Held, that there was no continuous occupation of the premises for the liquor traffic, so as to do away with property consents for a license issued July 19th.

In the matter of the application of James Quigley, a taxpayer, against George Monsees and others, to revoke a liquor tax certificate. License revoked.

Andrew F. Van Thun, for petitioner.

Martin P. Lynch, for defendants.

CRANE, J. The application to revoke and cancel the liquor tax certificate No. 10,310, issued to and held by George Monsees and John Leide for 5924 Fifth avenue, is granted.

The statute requires (subdivision 8, § 17, Liquor Tax Law; Laws 1896, p. 60, c. 112, as amended by Laws 1897, p. 220, c. 312) that before a license to sell liquor shall be issued there must be obtained and filed consents in writing that such traffic in liquor be so carried on in the place intended, executed by the owner or owners, or by a duly authorized agent of such owners, of at least two-thirds of the total number of dwellings within 200 feet of that place. The application for this license stated that there were 12 such dwellings within 200 feet of the premises for which the license was asked, and that the owners of all had consented as required. Such is not the fact. Seven of these dwellings were owned by David Meyer and Blanche M. Meyer, his wife, as tenants by the entirety; that is, until the death of either, they held the property as tenants in common. Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Grosser v. City of Rochester, 148 N. Y. 235, 42 N. E. 672. The husband could not convey away or injure the wife's one-half undivided interest without her consent; neither could he give the consent required of dwelling owners by the liquor law tax, so as to bind her. David Meyer gave his consent for the seven dwellings owned by him and his wife; but the wife refused to consent, and testifies that she never authorized him to act for her. Mr. Meyer does not claim that he signed for anybody but himself, and the marital relation constitutes no agency in this case. It therefore follows that the owners of 7 of the 12 dwellings within 200 feet of 5924 Fifth avenue never consented to the traffic in liquor at that place.

Furthermore, the license for this place was originally obtained for April only. No license was procured for May or June, and in fact no liquor was sold, nor business of any kind carried on, in the premises, unfinished and in process of construction, until after July 19, 1907. This condition did not constitute a continuous occupation for the liquor traffic, so as to do away with property consents for the license issued July 19, 1907, and the statements of continuous occupation in the application were materially false.

As above stated, the license is revoked and canceled.