(58 Misc. Rep. 638.)

In re CLEMENT, State Excise Com'r.

(Supreme Court, Special Term, Kings County. April, 1908.)

INTOXICATING LIQUORS—TAX CERTIFICATE—CONSENTS.
On an application for liquor tax license, to determine the number of consents which the applicant is required to secure, unfinished houses should not be counted in estimating the number of dwellings within the prescribed distance.

Application by Maynard N. Clement, as state commissioner of excise, for an order revoking a liquor tax certificate issued to Joseph

Wax, and transferred to John Ferdinand and Nicholas C. Seedorf.
Application granted.

H. H. Kellogg, for petitioner.

E. B. Barnum, for respondent.

CRANE, J. Within the radius of 200 feet from 430 Ridgewood
avenue there were, in November, 1907, 17 buildings claimed to be oc-
cupied exclusively as dwellings. For 6 of these no valid consents were
given. As to 415 Ridgewood avenue the consent was signed by Flor-
ence Mahoney, but his wife, Julia Mahoney, was the owner; while as
to 414 Ridgewood avenue the consent was signed and acknowledged
by Mr. Stafford, but not his wife, who was joint owner of the prop-
erty. Quigley v. Monsees, 56 Misc. Rep. 110, 106 N. Y. Supp. 167.

If there were 17 dwellings, the defendants had 11 consents, or not
quite two-thirds; but to my mind there were not 17 dwellings. In
the Case of Ruland, 21 Misc. Rep. 505, 47 N. Y. Supp. 561, the dwell-
ings evidently were furnished and ready for occupancy; but here
the houses Nos. 192 to 198 (inclusive) Crescent street were unfinished,
workmen still in them, and no certificate permitting occupancy is-
sued under and in accordance with the charter (section 1344, Laws
1901, p. 567, c. 466). Even if the Ruland Case be good law, yet some-
where in process of construction a building emerges into a dwelling.
Is it when the roof is on, or when inclosed, or when it is completely
finished and ready for immediate occupancy? The latter, I think,
must be the determining point, if the Ruland Case is to govern.

The houses were not, according to the testimony, ready in No-
vember, 1907, for immediate occupancy, and therefore not exclusive-
ly dwellings occupied as such within the statute. Taking those out
left 13 dwellings, of which the defendants have consents for 7, instead
of two-thirds, which would be 9.

The petitioner's prayer is granted, and certificate revoked.

Application granted.