WARREN T. LYON, Respondent, *v.* ELLEN M. SHELDON and ASA P. SHELDON, Appellants.

(County Court, Madison County, April, 1909.)

Summary proceedings: Persons who may bring proceedings — Agents: Answer or counteraffidavit — Misjoinder of parties — Waiver of objections.

Where one of three tenants in common of premises has authority from his co-tenants, he may institute summary proceedings in his own name as agent for them.

Where, at the opening of the trial of summary proceedings before a jury, the petitioner's counsel stated that there were three equal owners of the premises, including the plaintiff, and that the other two came into court and asked to be allowed to plead with plaintiff, but, defendants not consenting, they were not brought in as petitioners and did not plead, by the failure of the defendants to raise the question of nonjoinder of parties petitioners by answer it will be deemed waived; and a denial of defendants' motion to dismiss the proceedings upon the ground of nonjoinder of parties petitioners was not error which calls for a reversal of judgment in petitioner's favor; and, as under section 3063 of the Code of Civil Procedure the judgment of the appellate court must be according to the justice of the case, without regard to technical errors and defects not affecting the merits, said judgment will be affirmed.

APPEAL from a judgment in Justice's Court in summary proceedings rendered in favor of plaintiff.

Josiah E. Perry, for appellants.

C. J. Coleman, for respondent.

Kiley, J.   The foregoing is an appeal from a judgment in Justice's Court, in summary proceedings, rendered upon a verdict of a jury, before a justice of the peace of the town of Madison, in this county.

The proceedings were commenced by the service of a three days' notice upon the defendants, alleged to be tenants, upon the premises described in the petition in said proceedings, to surrender premises or pay rent.   Notice not having been complied with, a petition was filed by Warren T. Lyon, petitioner herein, and the justice issued his precept, dated April 2, 1908, returnable before him April 6, 1908. On the return day of said precept, the then named defendants, Ellen, Frank and Asa Sheldon, filed their answer, in and by which they deny the allegations of the petition; deny that the relation of landlord and tenant ever existed; deny that any rent is due from the defendants, and ask for a dismissal of the proceedings.   It appears from the evidence that, on the 12th day of May, 1899, Frank Sheldon, one of the parties named in the precept, entered into a contract in writing with this petitioner and others to purchase the premises in question.   He was the son of the appealing defendants, and from him his mother acquired an interest in the contract in some way.   On the 30th day of July, 1906, by an instrument in writing and in consideration of the payment of seventy-five dollars by the petitioner and others, the above contract was cancelled by the said Frank Sheldon and Ellen M. Sheldon.   On the same day conveyances were passed between the then owners of the unincumbered title of said premises, so that Augustus N. Peckham, George A. Lyon and this petitioner, Warren T. Lyon, became the owners, respectively, each of an undivided one-third part of said premises.   The premises were then rented to the appellants herein for three dollars per month.   The evidence shows and the jury found that, at the commencement of the proceedings, the defendants owed sixteen months' rent,

amounting to the sum of forty-eight dollars. The proceedings as to Frank Sheldon were dismissed, at the close of the evidence, and, upon the verdict of the jury, the judgment was entered and a warrant to dispossess the defendants, then appellants, was granted and issued by the justice; and the return shows it was executed.

At the opening of the trial before the justice and jury, petitioner's counsel stated that it had developed there were three owners of the premises, including the plaintiff, each owning an undivided one-third interest, and that they came into court and asked to be allowed to plead with the plaintiff. Defendants objected, and the justice said: " I shall permit them to plead." The justice did not have jurisdiction to allow the parties to plead or to bring them in as petitioners, and jurisdiction could not be conferred, except by consent, as was done in Lord v. Lord, 11 N. Y. Supp. 389, 33 N. Y. St. Repr. 752. Consent was not given by the defendants; and they were not brought in, and they did not plead. Nothing more having occurred, except as above set forth, in substance, the appellants urge what was done in that regard is good ground for reversal; but, as nothing was done, the ground fails. The appellants urge that, in the event this ground fails to warrant a reversal, it appearing that there are three owners of the premises in question, and this proceeding having been brought in the name of one of them alone, this proceeding should have been dismissed upon their motion at the close of the evidence, upon the ground of a nonjoinder of parties petitioners, and a denial of that motion was error that calls for a reversal. Upon a superficial glance, this proposition would seem dangerous, if not fatal; but similar situations have been presented to the appellate courts of this State, and decisions made that stand as the law governing these questions to-day.

Near the close of the evidence, George Lyon, a brother of the petitioner and one of the owners of the premises, was recalled, and testified as follows:

" Mrs. Sheldon said, at the time that she accepted the seventy-five dollars, that she had rather have that than stay there two years for nothing, because they might not want

to live there. Those were her very words. After that I had no conversation with her in regard to paying rent. My brother came in and he has been handling it ever since."

The brother referred to is the petitioner in the proceedings.

Warren T. Lyon, if he had the handling of the matter between him and defendants, could institute the proceedings in his own name, as agent for the others. See section 2235 of the Code of Civil Procedure. Also see Melcher v. Kreiser, 28 App. Div. 362; Powers v. Deo, 64 id. 373; Case v. Porterfield, 54 id. 109.

While I do not deem it necessary to so hold here, I am of the opinion that the petitioner could maintain these proceedings without the joinder of the other owners, by reason of his interest in the premises.

The defendants did not raise the question of nonjoinder of parties petitioners by answer; it cannot be raised under a general denial; having failed to raise it by answer or pleading, it is deemed waived. Frazier v. Gibson, 15 Hun, 37; Amsterdam Electric Light, H. & P. Co. v. Rayher, 43 App. Div. 602.

This disposes of the only questions raised upon the argument or in the briefs of counsel. Neither counsel discussed any errors arising out of the rejection or reception of evidence, of which there are plenty in the record. But, as this appeal has no merit except what is based upon technicalities, the judgment is saved from such errors as do appear by the provisions of section 3063 of the Code of Civil Procedure. The defendants owed this rent, they had not paid anything and sought to occupy the premises without paying. The owners were entitled to possession or the rent. The defendants insisted they could not have either. The judgment was according to the justice of the case; and the Code lays down the rule that the judgment of this court must be the same, " without regard to technical errors or defects which do not affect the merits." See § 3063.

Judgment affirmed with costs.