JOSEPH GRASSI and Another, Plaintiffs, v. JOSEPH H. LOWETH and Wife, Defendants.

Supreme Court, Westchester County, November 21, 1927.

**Husband and wife — easements — right of way — husband holding estate by entirety may not subject property to easement in nature of right of way without wife's consent.**

A husband who enjoys an estate by the entirety may not, in the absence of any legal consent of the wife, subject the property to an easement in the nature of a right of way.

ACTION for an injunction.

*Samuel F. Swinburne*, for the plaintiffs.

*William L. Moran*, for the defendants.

LYNCH, J. The plaintiffs seek to enjoin the defendants from in any way interfering with the plaintiffs' use of a certain right of way leading to a garage owned by the plaintiffs.

The case was submitted upon an agreed state of facts. The only question of law presented is whether a husband, who enjoys an estate by the entirety, may, in the absence of any legal consent of the wife, subject the property to an easement, in the nature of a right of way. That he may not legally do this seems to be definitely established by the following authorities: *Hiles* v. *Fisher* (144 N. Y. 306); *Grosser* v. *City of Rochester* (148 id. 235); *Matter of Quigley* v. *Monsees* (56 Misc. 110); *Gray* v. *State of New York* (116 id. 760); 2 Weed's Practical Real Estate Law, 1121.

As the agreement made between the defendant husband, the plaintiffs' grantor, is unenforcible against the defendant wife, it follows that the plaintiffs are not entitled to the injunction sought.

Judgment is, therefore, granted the defendant, but without costs.