In the Matter of C. I. C. OPERATING CORP., Landlord, Petitioner. ARCHIE TURNER, Tenant, Respondent.

Supreme Court, Special Term, Queens County, January 7, 1947.

*Joseph S. Wohl* for petitioner.

*Morris Cohen* for Coronati Amusement and another, subtenants.

FROESSEL, J. Heretofore and on December 7, 1946, this court made an order in this proceeding to determine and fix a reasonable rent for the space occupied by one Archie Turner, tenant of premises comprising virtually an entire block between Bridge

Plaza North and 41st Avenue, 22d and 23d Streets, Long Island City, Queens County.

The rent was fixed at $1,100 per month, based upon the following findings, among others: The petitioner purchased the premises in question in September, 1946, for $150,000; the assessed valuation for the year 1946–47 is $147,100, which under the statute (Commercial Rent Law, § 4; L. 1945, ch. 3, as amd. by L. 1945, ch. 315, and L. 1946, ch. 272) is presumptive evidence of the fair value, and which the court found as the fair value; the real estate taxes for the year were $4,148.52 and the insurance $150.38. Without taking into consideration the 2% amortization on the $75,000 mortgage allowed by the statute, the taxes, insurance and net annual return of 6% on the fair value of the entire property would entitle the landlord to a rental of $1,093.67 monthly. (See *Matter of Frankel* [*Hatters' Oakhide Boxes*], 269 App. Div. 531.)

Two subtenants, Coronati and Wittelshofer, now move to vacate and set aside the aforesaid order and to be permitted to intervene herein " and contest, if they so desire, the issues raised by the petition of the landlord herein."

In the first place, I can find no authority in the statute requiring the landlord, in a proceeding of this character, to make the subtenants of his tenant parties thereto. The landlord could have included those claiming to be subtenants, but was not required by law to make them parties. Such is the law in summary proceedings (*Gilpin* v. *Mutual Life Ins. Co. of New York,* 64 N. Y. S. 2d 436, 451 [revd. on other grounds 271 App. Div. 499]), and I know of no reason why the same rule should not apply here. In the second place, I do not deny the power of this court to grant an application of this character if there is a demonstration that a fraud has been committed, or that a grave injustice has been done. In the instant case, however, there can be little controversy about the facts. The court did not accept the petitioner's purchase price of the property, but the assessed valuation, which the law says shall be presumed to be the fair value. The amount of taxes cannot be disputed, nor can the percentage of amortization.

Upon this application, no fraud has been demonstrated, and no injustice has been shown. The fact that the subtenants have paid an extremely low rental for a long period of time is certainly an insufficient ground.

In the light of the foregoing, the application is denied.