UNITED STATES GUARANTEE COMPANY, Plaintiff, *v.* HARRY ROSEN-BLUTH, Doing Business as INSELKOTE COMPANY, Defendant and Third-Party Plaintiff-Respondent.

AUGUST L. STEWART, Third-Party Defendant, and LUCILLE STEWART, Third-Party Defendant-Appellant.

First Department, June 30, 1953.

*Joseph F. Soviero* for third-party defendant-appellant.

*Arnold I. Silberstein* for defendant and third-party plaintiff-respondent.

*Per Curiam.* This appeal involves the question of personal liability of a wife, who is a tenant by the entirety, for alterations to real property jointly owned with her husband. The third-party plaintiff is the contractor who performed the work. The husband brought him to the premises, where the nature of the work to be done was discussed in the presence of the wife. There is evidence that at the time she made certain suggestions in respect to the work. No discussion was had, however, as to payment in her presence. The wife subsequently admitted the workmen to the premises, and was present when the alterations were made.

Prior to commencing work, the contractor prepared a written agreement, which was signed by the husband, and who represented that a second signature was that of his wife. The second signature, however, was a forgery.

The husband and wife had been separated, and the wife refused to sign any contract or notes for the work, but had told her husband that he might have it done at his own expense. She had not revealed this fact to the contractor, nor had she made any promise to pay. We have, therefore, a case where the wife remained silent with respect to payment, although she took some part in the preliminary negotiations for work intended to be covered by a written agreement.

The work done in this case was not such as could be considered essential to the preservation of the property, and the liability of the wife for payment of the cost must be determined on common-law principles alone.

We find the evidence insufficient to warrant a holding that the wife contracted expressly or by implication to pay for the work. The situation is not one where the contractor is seeking to charge the wife's interest in the property with liability under the Lien Law. In such circumstances, the agency of the husband to bind the wife's interest would be presumed (Lien Law, § 3).

Determination of the Appellate Term and the judgment of the City Court are unanimously reversed, with costs to the appellant and judgment directed to be entered in favor of the appellant dismissing the third-party complaint, with costs.

PECK, P. J., GLENNON, DORE, CALLAHAN and BERGAN, JJ., concur.

Determination of the Appellate Term and judgment of the City Court, so far as appealed from, unanimously reversed with costs to the appellant, and judgment is directed to be entered in favor of the appellant dismissing the third-party complaint herein as to said appellant, with costs.