James D. Hopkins, J.
Preliminary motions by both the peti-' tioner and the tenant in this summary proceeding necessitate some discussion as to the respective rights of the parties. The petitioner alleges that she is the co-owner of the premises, along with her husband. She seeks the removal of the tenant as a squatter and intruder. The answer of the tenant denies generally the allegations of the petition. In addition, it asserts as defenses that the tenant was let into possession of the premises by the petitioner’s husband; that the husband must be joined as a necessary party to the proceeding; and that the petitioner authorized the husband to let the tenant into possession.
*1077 On the return day of the precept, the petitioner moved to dismiss the answer as frivolous under rule 104 of the Buies of Civil Practice; the tenant moved to dismiss the petition for failure to join the husband, and because one tenant by the entirety does not have the right to bring a summary proceeding. There is authority for reluctance on the part of courts to entertain motions which prevent the expeditious disposition of issues under a summary proceeding (Dubowsky v. Goldsmith, 202 App. Div. 818). But there is merit in the present instance to deal with the questions raised, since the motions submitted strike to the substance of the proceeding (cf. Gardella v. Hagopian, 263 App. Div. 816; 8008 Realty Corp. v. Rubin, 85 N. Y. S. 2d 163).
The petitioner’s motion under rule 104 must be denied. Such a motion is directed to the whole answer (Green v. Green, 7 Misc 2d 324); hence, if any part of the answer is sufficient, the motion cannot succeed (Koeppel v. Koeppel, 138 N. Y. S. 2d 366). Without considering the propriety of the denials of the allegations of the petition, the defense raised by the tenant that the petitioner authorized the letting of the premises to the tenant is good on its face, and may not be dismissed as sham.
The tenant’s motion, testing the sufficiency of the petition, poses several related problems. The petition does not join the husband as a party to the proceeding. It appears from the petition and the deed annexed thereto that the petitioner is a tenant by the entirety. It has been held by the Appellate Division, Third Department, that all co-owners of premises must join in a petition under a summary proceeding (Pugliese v. Saburro, 276 App. Div. 794). That decision cites Portnow v. La Rosa (190 Misc. 695), which is a determination of the Appellate Term, Second Department, holding that section 1415 of the Civil Practice Act requires that all co-owners must join in the petition. But as pointed out in Schwartz v. Serino (116 N. Y. S. 2d 882) section 1415 merely requires a description in the petition of the interest of the petitioner. Moreover, in a later decision, the Appellate Division, Third Department, seems to have overruled Pugliese, and has held that a tenant by the entirety may bring the proceeding in his own name (Martin v. Shields, 285 App. Div. 106).
I have not been able to find a decision of our own Appellate Division in point. In Taylor v. Creary (5 A D 2d 876) the tenant failed to claim the nonjoinder in his answer or by motion, and the Second Department ruled that he had therefore waived the defect. Here, however, the tenant has both in his answer and by motion presented the question squarely to the court.
*1078 On principle, nevertheless, the right of a tenant by the entirety to seek possession in his own name seems well founded. It has long been settled that essentially with respect to the enjoyment of possession and use of the property, husband and wife who jointly own the property are tenants in common (Hiles v. Fisher, 144 N. Y. 306; Capizzi v. Khouvy, 168 Misc. 490). But tenants in common may not make a lease of the property that will bind a nonassenting cotenant (86 C. J. S., Tenancy in Common, § 113, pp. 518-520). The nonassenting tenant in common may then share the possession of the premises with the lessee (Infante v. Sperber, 271 App. Div. 896).
Subdivision 5 of section 1414 allows a petition in a summary proceeding to be made by a 11 person lawfully entitled to the possession of the property intruded into or squatted upon, as the case requires.” The authority of the provision seems clear enough to embrace the instant proceeding (cf. Lyon v. Sheldon, 63 Misc. 20; Wyckoff v. Frommer, 12 Misc. 149; White v. Kirk, 61 N. Y. S. 2d 78). True, the petition here seeks possession of the entire premises; it is doubtful that more than the petitioner’s share of possession could be awarded by the final order, but the character of the relief granted must await the trial. Accordingly, it is held that the petitioner was entitled to institute the proceeding without joining her husband (cf. McFarland v. State of New York, 177 Misc. 117).
The tenant has further moved for an order making the husband a party pursuant to section 193 of the Civil Practice Act. This section applies to summary proceedings (Taylor v. Creary, 5 A D 2d 876, supra). Under section 193, an indispensable party is one ‘ ‘ whose interests are not severable and would be inequitably affected by a judgment rendered between the parties before the court ” (cf. China Sugar Refining Co. v. Andersen, Meyer & Co., 6 Misc 2d 184). The interest of the husband is plainly not severable from that of the petitioner. But I do not see how his interest would be inequitably affected by the final order. If the petitioner fails, certainly his interest is not affected; if the petitioner succeeds, she is let in possession with the tenant. The latter result to the husband is not inequitable, however, for that is the measure of the husband’s interest under the law. It may be that the tenant in the latter event has a cause of action against the husband, but that fact would not influence the necessity of the husband as a party under the conditions of section 193.
There is, in addition, a mechanical difficulty. The precept demands possession; the husband does not have possession. The relief sought in a summary proceeding is limited to the *1079 delivery of possession (Civ. Prao. Act, § 1418). The classification of the husband either as the petitioner or the tenant is equally without foundation.
The motions of both the petitioner and tenant are denied. Submit order on notice.