Chandler S. Knight, J.
This proceeding was brought by the petitioner, Elizabeth Baker, to summarily remove the respondent, Charles B. Westfall, from the real property described in the petition or to summarily put the petitioner into possession with the respondent. At the opening of the trial the prayer for relief was amended to include a demand that the petitioner be put in possession of the premises jointly with the respondent.
It is undisputed that the petitioner Elizabeth Baker is the wife of Raymond J. Baker and that they own the real property in question as tenants by the entirety; that the husband, Raymond J. Baker, leased the premises to the respondent by a lease in writing dated August 28,1959; that the petitioner Mrs. Elizabeth Baker did not execute the lease and that the respondent has been in possession of the premises since that time.
As a defense the respondent alleges that the petitioner consented to the terms and conditions contained in the lease and consented to the execution of the lease by the husband. This was denied by the petitioner. The testimony at the trial revolved principally around those contentions.
The property involved is a one-family house at 30 Lindberg Avenue, in the City of Amsterdam, New York, in which the petitioner lived with her husband. The lease was prepared by Mr. Westfall and was executed by him and Mr. Baker in the kitchen of that house on August 28, 1959. Mr. Westfall and his wife testified that Mrs. Baker was present two days previous during the negotiation of the terms of the lease. Mr. Westfall testified that Mrs. Baker was present when it was executed. That was denied by both Mr. and Mrs. Baker, although both testified that Mrs. Baker was somewhere around the premises and after the lease had been executed by Mr. Westfall and Mr. Baker she was asked to sign it and refused stating her reasons. At that time the only adult persons present were Mr, Westfall and Mr. and Mrs. Baker.
*948 Mr. Westfall thought the signatures on the lease should he witnessed and he testified that he telephoned to a friend, Mr. Richard H. Quiri, who came to the Baker residence and signed his name on the lease beside the signature of Westfall and Baker. Mr. Westfall offered no explanation as to why he did not ask Mrs. Baker to act as a witness instead of calling Mr. Quiri. The fact that it was necessary for him to call Mr. Quiri to sign his name to the lease gives credence to the petitioner’s testimony that she disapproved the terms and conditions it contained. The evidence is far from sufficient to warrant a finding that Mrs. Baker expressly or by implication agreed to be bound by the lease.
The circumstances here are quite similar to those in United States Guar. Co. v. Rosenbluth (282 App. Div. 251) where it was a question of personal liability of a wife, who was a tenant by the entirety, for alterations to real property made by a contractor. The husband brought the contractor to the premises, where the nature of the work to be done was discussed in the presence of the wife and she made certain suggestions in respect to it. The wife admitted the workmen to the premises and was present when the alterations were made. The contractor had previously prepared a written agreement which was only signed by the husband. The work done was not essential to the preservation of the property. The court held that the wife did not, either expressly or by implication, agree to pay for the work and dismissed the claim against her.
The property involved is owned by the Bakers as tenants by the entirety. That is, each is seized of the whole estate and neither, without the consent of the other, can dispose of any part of the estate so as to affect the right of survivorship of the other (Hiles v. Fisher, 144 N. Y. 306), or make a contract which could bind the other (Sisson v. Lang, 279 App. Div. 820), or to incur expenses for work not essential to the preservation of the premises (United States Guar. Co. v. Rosenbluth, supra), or to lease the premises so as to affect the right of possession of the other (Infante v. Sperber, 271 App. Div. 896), or subject the property to a right of way easement (Grassi v. Loweth, 130 Misc. 861).
Each tenant by the entirety, however, may convey or lease his or her interest to a third person and such third person becomes a tenant in common with the other tenant by the entirety, subject to the other tenant’s right of survivorship. “ Each could convey or mortgage his or her own interest but could not in any way curtail the interest of the other” (Secrist v. Secrist, 284 *949 App. Div. 331, 334, affd. 308 N. Y. 750; Hiles v. Fisher, 144 N. Y. 306, supra; Grosser v. City of Rochester, 148 N. Y. 235).
Mr. Baker had a right to lease his interest in the premises to Mr. Westfall but Mr. Westfall in taking such lease, did not acquire the interest of Mrs. Baker in the property. He may continue his occupancy in the premises under the terms of the lease he made with Mr. Baker.
In a summary proceeding the petitioner may not evict her husband’s tenant from the premises but she can remove him from exclusive possession. Her only right is to be put in possession of the premises with the respondent Westfall and share with him the occupancy and use of the premises (Finnegan v. Humes, 252 App. Div. 385; Infante v. Sperber, supra).
Summary proceedings may be invoked by persons kept out of possession of real property. Such proceedings are authorized in certain cases where the conventional relation of land-land and tenant do not exist (Civ. Prac. Act, §§ 1412, 1414; Markun v. Weckstein, 100 Misc. 668).
The husband, as a tenant by the entirety with the petitioner, is not a necessary party. One of two co-owners may maintain a summary proceeding to gain possession in his own name (Martin v. Shields, 285 App. Div. 106).
The respondent moved for a dismissal of the proceeding on the ground that it was improperly brought and that the husband of the petitioner was a necessary party. At the conclusion of petitioner’s case and at the conclusion of the trial the motions were renewed and decision reserved in each instance. These motions are denied.
It is the finding of this court that the petitioner is entitled to maintain this proceeding; that the petitioner did not convey or lease her interest in the premises to the respondent or authorize her husband to do so; that the lease made by and between Mr. Baker and Mr. Westfall is valid as between them; that the petitioner may not remove the respondent from the possession of the premises, but may remove him from exclusive possession and that she is entitled to judgment putting her in possession of the premises with the respondent Westfall and share with him the occupancy and use of the premises.