Charles Hargett, J.
Motion by the plaintiff for a temporary injunction “ staying the defendant, George Cataldi, from executing a warrant of dispossess” and the warrant of eviction issued in the summary proceeding brought by said George Cataldi as landlord against the plaintiff herein as tenant, in the Municipal Court of the City of New York, Borough of Queens, Third District. The defendants cross-move for summary judgment or, in the alternative, for judgment on the pleadings, dismissing the complaint.
The plaintiff is the daughter-in-law of the defendants. Some 11 years ago she, together with her husband, moved into the premises, which are the subject of this action, owned by the defendants as tenants by the entirety. Although the plaintiff’s husband left the premises approximately three years ago and has not returned, the plaintiff has continued to occupy same up to the present time. The defendants are also residing in the same house.
Heretofore the defendant George Cataldi commenced a summary proceeding in the Municipal Court of the City of New York, Borough of Queens, Third District, on the ground of nonpayment of rent in the total sum of $1,040. The matter was heard on June 6, 1961. The plaintiff herein contended at that time that she was not in arrears of rent, but had been paying *749 rent to the defendant Jennie Cataldi, the other tenant by the entirety, who was not a party to the summary proceedings. A stipulation of settlement was entered into upon the record in open court wherein it was agreed that the amount due and owing from the plaintiff as tenant up to and including July 1, 1961, was the sum of $10; that a final order would be issued with a stay up to and including January 31,1962; and that commencing with July 1, 1961, the plaintiff should pay to the defendant George Cataldi the sum of $40 a month for use and occupancy. All of the parties to the instant action, including the defendant Jennie Cataldi, who was present in the courtroom, consented to the terms of this stipulation. The plaintiff, Jean Cataldi, also consented at that time to waive her right to a jury trial. On the same date a final order was entered in favor of George Cataldi, one of the defendants herein, in accordance with the foregoing stipulation.
On January 15, 1962, the defendant Jennie Cataldi signed a written lease with the plaintiff for the said premises for a term of two years commencing on that day and terminating on the 14th day of January, 1964. The plaintiff then moved in the Municipal Court on February 5, 1962, to vacate the final order in the summary proceeding brought by the defendant George Cataldi, as aforesaid. This motion was referred to the Justice who had granted the final order, and denied on February 27, 1962, with the following memorandum: 1 ‘ The Court will not disturb a stipulation made in open Court in the presence of all interested parties; such a stipulation is the equivalent of a contract and can be set aside only on those grounds which would permit a court to set aside a contract, such as fraud or overreaching conduct.” The plaintiff’s motion in the Municipal Court for leave to appeal from such denial was denied on March 20, 1962. In the meantime, and on March 3, 1962, the plaintiff received a notice of eviction from a Marshal of the City of New York, requiring her to remove from the premises on March 5, 1962.
The instant action, commenced on March 20,1962, seeks judgment declaring the rights and remedies of the plaintiff and the defendants under the written lease executed on January 15, 1962, by the plaintiff and the defendant Jennie Cataldi, and that the stipulation of settlement between the parties in the summary proceeding in the Municipal Court is of no effect, having been vitiated by the subsequent lease.
Inasmuch as neither side has presented any issue of fact requiring a trial, this action may be disposed of on the merits, even in favor of the plaintiff, notwithstanding that she made *750 no cross motion for summary judgment or for judgment on the pleadings. (Buies Civ. Prae., rules 112, 113, subd. 2.)
The fact that the defendant Jennie Cataldi entered into the written lease with the plaintiff on January 15, 1962, is not disputed. Although each tenant by the entirety is seized of the whole estate and neither can lease the premises so as to affect the right of the other’s possession, each tenant may lease his or her interest to a third person who then becomes a tenant in common with the other tenant by the entirety, subject to that tenant’s right of survivorship. Accordingly Jennie “‘Cataldi could lease her own interest in the premises and since the plaintiff, as lessee, did not acquire the defendant George Cataldi’s interest in the property he can continue his occupancy in the premises. The latter, however, while he may not evict the wife’s tenant, may remove her from exclusive possession. (Matter of Baker v. Westfall, 30 Misc 2d 946.) In a summary proceeding by a wife, a defense that her husband had signed a lease with the tenant was held to be legally sufficient. (Matter of Panzica v. Cimino, 21 Misc 2d 1076.) In Infante v. Sperber (271 App. Div. 896) the Appellate Division of the Second Department held that a tenant by the entirety is entitled to possession of the premises jointly with a lessee who occupies the premises pursuant to rights acquired by him, by reason of a lease executed by the other tenant by the entirety. Thus, the plaintiff’s allegations that she is now occupying the premises pursuant to a lease from the defendant Jennie Cataldi, one of the tenants by the entirety, are legally sufficient to support her cause of action, and she is entitled to joint occupancy of the premises with the defendant George Cataldi. (See, also, White v. Kirk, 61 N. Y. S. 2d 78.)
Plaintiff has also stated a good cause of action for an injunction enjoining the execution of the warrant of dispossess. Pursuant to subdivision 2 of section 1446 of the Civil Practice Act, the court may stay the execution of the warrant in a summary proceeding where such a stay would be granted to restrain the proceedings in an action of ejectment. In the instant case, were the defendant George Cataldi to bring an action for ejectment, the plaintiff could successfully interpose, as a defense thereto, the lease executed by the defendant Jennie Cataldi.
The defendant George Cataldi contends that the instant action is barred by the doctrine of res judicata, inasmuch as the issues presented herein were necessarily involved in the action in the Municipal Court, when the plaintiff’s motion to vacate the final order in the summary proceeding brought by him was denied. The opinion of the Municipal Court on that motion makes it *751 obvious, however, that the court did not consider the effect of the new lease, but only whether there were any grounds that would warrant the vacatur of the final order. The Municipal Court was without jurisdiction to declare the rights of the parties with respect to a new lease entered into subsequent to that final order.
Moreover, section 1445 of the Civil Practice Act, which is contained in article 83 of that act, states that: “ This article does not impair the rights of a landlord, lessor or tenant in a case not therein provided for. * * * A final order, made in a special proceeding taken as prescribed in this article, is not a bar to an action of ejectment to recover the property affected thereby.” Res judicata, therefore, would not be a bar to an action for ejectment. Although the instant action is not in ejectment, the plaintiff is seeking a determination of the legal effect of a lease which, if she had been ousted from the premises, could be a basis for an ejectment action by her. The only difference is that she is seeking a determination of her rights before the situation is further complicated by an actual ouster by defendant George Cataldi.
Accordingly, judgment is granted in favor of the plaintiff that she is entitled to joint occupancy, use and possession of the premises with the defendant George Cataldi pursuant to the lease entered into by her with the defendant Jennie Cataldi. This court has no power to declare the settlement entered into in the summary proceeding in the Municipal Court to be of no effect and, although the order of that court is not disturbed, the plaintiff herein is entitled to an injunction restraining the execution of the warrant of eviction during the term of the aforesaid lease.
The cross motion is in all respects denied. Settle order on two days’ notice.