In the Matter of MINHAM HARRISON, Petitioner, *v.* L. A. DE LUKE COMPANY, INC., Respondent.

County Court, Schenectady County, June 29, 1962.

*Parisi, De Lorenzo & De Angelus (Thomas De Lorenzo* of counsel), for petitioner. *Harold Blodgett* for respondent.

ARCHIBALD C. WEMPLE, J. It is undisputed that the petitioner is a tenant in common with co-owners and cotenants, Joseph L. Hanson, Jr. and Salvatore Dagostino. When the petitioner acquired his partial title by deed dated October 31, 1961 (recorded in the Schenectady County Clerk's office in Book 816 of Deeds, p. 50) the respondent tenant was in possession of a portion of the premises as tenant of the then co-owners Hanson and Dagostino. Testimony also disclosed that the respondent tenant and the co-owners Hanson and Dagostino have been and are still engaged in business operations of a joint or mutual interest.

Petitioner served a 30-day notice on the respondent tenant requiring him to quit and vacate the premises on March 21, 1962, and then commenced this summary proceeding. Respondent tenant continued in possession *without* the permission of petitioner, but with the consent and permission of the cotenants Hanson and Dagostino. It is noteworthy that the respondent tenant pays no rent, as such, to any of the owners, but renders some complimentary and compensatory services to the co-owners Hanson and Dagostino through use of a secretary employed by respondent.

Petitioner is completely out of possession and now asks eviction of the respondent so that he may personally occupy a portion of the premises to carry on his business. The respondent's rights must subordinate to the rights of petitioner. If it were not so, the right of ownership, as a tenant in common would be meaningless.

It is axiomatic that tenants in common have a unity of possession. (See *Valentine* v. *Healey,* 158 N. Y. 369, 374.) In this cited case the court says that a tenant in common has, " a right to the possession and enjoyment of the whole estate, liable, however, to account to his co-tenant at law ". And again this cited case states, " As such tenant in common he had the right to take and occupy the whole of the premises and preserve them from waste or enjoy so long as he did not interfere with the right of his co-tenant to also occupy the premises ".

The respondent tenant herein occupies under a tenancy at will. There is no leasehold interest involved. This tenancy has properly been terminated by this petitioner by the notice to quit served and effective March 30, 1962. The rights to possession of the respondent must surely make way for the paramount rights to possession of the petitioner co-owner. The petitioner has properly brought a summary proceeding. This is a remedy to which he is entitled and by which he may assert his right to possession.

As noted above, there is in each tenant in common a right to unity of possession. Unless otherwise shown there is an equality of interest due to each tenant in common. As a cotenant the petitioner is entitled to his " just proportion " in an action against his cotenants. (See Real Property Law, § 532.) It has also been held that one tenant in common or several tenants in common cannot make a valid lease of the whole or commonly owned real property without the consent of the other owners. (See 1 Rasch, Landlord and Tenant, § 961.) It would be neither just nor legal for the cotenants Hanson or Dagostino, either

personally, or through a personally chosen tenant to pre-empt all the premises to the exclusion of the petitioner herein.

It follows that the petitioner may remove the respondent in this proceeding. It follows further that the petitioner may occupy, use, or enjoy part or all of the premises which he owns as a tenant — subject, of course, to the rights of his other cotenants in common to use and occupy also, a part or all of said premises.