OPINION OF THE COURT
Burton S. Sherman, J.
The tenant respondent has moved prior to trial to dismiss this summary holdover proceeding which is based upon an alleged forfeiture and termination of a long term net lease. The question to be determined is said to be jurisdictional, namely whether a forfeiture and termination can be declared by only one of the colandlords and lessors of the premises.
The colandlords are two sisters, Ellin Matteo and Elaine Montgomery. They inherited the property from their father in 1959, and by conveyance of an interest from their mother in 1965. The will under which they inherited bequeathed the property to them and their mother "in equal parts share and share alike”. Therefore, the sisters are tenants in common (EPTL 6-2.2, formerly Real Property Law, §§ 66, 66-a). The net *303 lease was executed by their father in 1957 to run for 20 years with options to renew for two additional 20-year periods. In 1971 and in June, 1976, Ellin Matteo notified the tenant of violations under the lease and gave the requisite time to cure. In January, 1977, she declared a forfeiture, terminated the lease, and instituted this proceeding in her own name as "co-landlord, co-owner”.
The law is that one of two tenants in common, as a landlord, may maintain a holdover proceeding without the consent of the other tenant in common (Cesbron v Reardon, 73 Misc 2d 715; King v Schwartz, 21 Misc 2d 286; Hungerford v Smith, 268 App Div 949; Smith v Dairymen’s League Co-op. Assn., 186 Misc 82, affd 270 App Div 1071; Kristel v Sterberg, 188 Misc 500, 513; but, also, see, Rasch, New York Landlord and Tenant, [2d ed], § 1225). The reason for the rule is that "A tenant in common of the fee has a right of possession exclusive against all other persons, except as to his cotenants or as to any incumbrances placed on it by the tenancy in common” (Slade v Hornick Co., 188 Misc 445, 458).
 It follows that if a tenant in common, by virtue of its right to possession, may alone maintain a summary proceeding, such tenant in common also has the individual right to declare a forfeiture and to terminate a lease. For such a declaration is an act which first must be exercised to obtain re-entry or repossession. Moreover, since there is a privity of estate between the tenant in common, landlord, and the tenant (Rasch, New York Landlord and Tenant [2d ed], §2 et seq.; 33 NY Jur, Landlord and Tenant, § 1 et seq.), the said tenant cannot claim it is aggrieved by the individual termination of the lease or by the failure of the landlord to join its tenant in common as a party in a summary proceeding.* Therefore, in this case, the respondent has no standing to challenge the individual termination on jurisdictional grounds or to challenge the proceeding for failure to join a necessary or permissive party (CPLR 1001, 1002, 1003).
The petition is not defective and the motion to dismiss is denied.

 In this case there was a showing that the tenant in common, Elaine Montgomery, did in fact ratify her sister’s actions. However, if she were aggrieved she could have sought to intervene or be joined as a permissive party (CPLR art 10). She could also have sought partition (Real Property Actions and Proceedings Law, § 901) or perhaps brought an action in ejectment (Real Property Actions and Proceedings Law, §§ 621, 633).