OPINION OF THE COURT
Gilbert Rabin, J.
The petitioner herein, Robert Burack, is one of the three tenants in common of the subject premises. The other two co-owners are Abraham Burack and Solomon Jaffe. Each co-owner owns an undivided one-third interest in the premises. The respondent, I. Burack, Inc., allegedly has occupied these premises for 40 years, has conducted its business at these premises for said 40 years, and has maintained and improved the premises over the years, in addition to paying rent.
The respondent corporation is a family-owned and operated business. Robert Burack was an officer and director of the respondent corporation until his removal in 1979. An action is presently pending regarding his removal from office. Robert Burack is also the owner of one third of the shares of the respondent corporation. The remaining two thirds are owned by the children of Abraham Burack and Solomon Jaffe. Neither Abraham Burack nor Solomon Jaffe, the other two tenants in common, own any shares of the respondent corporation. An action is presently pending, brought by Robert Burack, for dissolution of the corporation. Other actions allegedly (14 or 15, *325 according to an officer of the corporation) have been commenced by Robert Burack against this corporation. In addition, a partition action has been commenced by Robert Burack and is presently pending.
Abraham Burack and Solomon Jaffe are apparently officers of the respondent corporation.
During the 40 years of its tenancy, the respondent corporation had occupied the premises as a month-to-month tenant under an oral agreement.
In August 1984, Robert Burack, as tenant in common, served upon I. Burack, Inc., a 30-day notice to quit, setting forth a termination date of September 30,1984. This summary proceeding was commenced by service of the petition on October 12, 1984.
Subsequent thereto, in October 1984, Abraham Burack and Solomon Jaffe, two of the co-owners, entered into a lease with I. Burack, Inc., for a term of five years commencing October 21, 1984 and terminating October 20, 1989.
Respondent now moves for summary judgment dismissing the petition. The petitioner has cross-moved for summary judgment granting the relief requested in the petition. The primary issues presented for determination are as follows:
1. Does the petitioner, as a tenant in common of the premises, have the right to institute a summary proceeding for the eviction of the tenant I. Burack, Inc.?
2. Is the lease entered into by the respondent with the remaining two tenants in common a bar to this proceeding?
petitioner’s right to commence this proceeding
It is now generally accepted that a tenant in common may commence a summary proceeding against a third party in possession of the premises, with or without the consent of the other co-owners. (See, King v Schwartz, 21 Misc 2d 286; Cesbron v Reardon, 73 Misc 2d 715, 716-717; Matteo v Ginger Estates, 94 Misc 2d 302; Matter of Panzica v Cimino, 21 Misc 2d 1076; Martin v Shields, 285 App Div 106.) Petitioner may therefore commence this proceeding without the joinder or consent of his cotenants as petitioners.
cotenants’ right to lease their interest in the premises
A cotenant may lease his interest in the premises to a third party. (See, Mott v Underwood, 148 NY 463.) However, a tenant in common cannot enter into a lease that will bind a nonassenting cotenant, and the nonassenting cotenant may share posses *326 sion of the premises with the lessee. (Matter of Panzica v Cimino, 21 Misc 2d 1076, 1078, supra.)
“[A] lease of an entire parcel by less than all the tenants in common create an interest in the lessee akin to a tenancy in common during its term [cites omitted]. Thus the lessee and the nonconsenting owner become tenants in common.” (Kassover v Gordon Family Assoc., 120 Misc 2d 196, 197.) The lessee of the cotenant is entitled to possession of the premises jointly with the cotenant. (Infante v Sperber, 271 App Div 896; Mott v Underwood, 148 NY 463, supra; Cataldi v Cataldi, 34 Misc 2d 748, 750.)
The case of Matter of Harrison v DeLuke (35 Misc 2d 39), cited by petitioner, is distinguishable. In that case the respondent tenant was in possession with the consent of two cotenants without a lease. The court held that, as against a tenant without a leasehold interest, the nonconsenting cotenant was entitled to obtain removal of the respondent tenant. However, in the instant case, the court cannot ignore the fact that the tenant, I. Burack, Inc., is now in possession of the premises under the lease pursuant to which I. Burack, Inc., is entitled to enjoy all of the rights held by Solomon Jaffe and Abraham Burack, i.e., the right to joint possession of the premises.
Applying these principles to this proceeding, it would appear that if the lease is valid, then it is a bar to issuance of a judgment and warrant removing the lessee from possession, which is the relief sought in the petition.
The petitioner contends that the lease is ineffective because its term commenced subsequent to the termination of the tenancy pursuant to the 30-day notice. The court does not agree. Although a tenant may be subject to removal by a nonconsenting tenant, this does not abrogate the right of the other cotenant to subsequently lease its interest in the premises to a third party. (See, e.g., Cataldi v Cataldi, 34 Misc 2d 748, supra.)
The petitioner further contends that the lease is invalid because it leases the entire premises to I. Burack, Inc.
The lease provides as follows: “49. The premises leased hereunder include the entire premises to which the owner has right, title and interest. It is understood that the tenant shall have, during the terms of this lease, all of the rights of the owner to use, utilize and occupy said premises.” Paragraph “41” describes “owner” as Abraham Burack and Solomon Jaffe, two of the three owners of record of the premises by the tenancy in common.
Although the terms “entire premises” is used, the lease is not a lease of the whole. The lease is of the “entire premises to which *327 the owner has right, title and. interest.” A lease of the entire premises by less than all of the tenants in common gives to a lessee only the right to joint possession of the premises with the nonassenting tenant in common (Matter of Panzica v Cimino, 21 Misc 2d 1076, supra), and this provision does not purport to give more than that interest held by the lessor cotenants.
The petitioner has thus raised no triable issues of fact (CPLR 3212) with respect to the ineffectiveness of the lease as it relates to this summary proceeding.
I. Burack, Inc., as lessee of the two tenants in common, is thus entitled to nonexclusive equal and joint possession of the premises with the cotenant Robert Burack. (See, Mott v Underwood, 148 NY 463, supra; Infante v Sperber, 271 App Div 896, supra; Matter of Panzica v Cimino, 21 Misc 2d 1076, supra; Cataldi v Cataldi, 34 Misc 2d 748, supra; Kassover v Gordon Family Assoc., 120 Misc 2d 196, supra.)
Eviction and removal of the lessee I. Burack, Inc., may not be secured by petitioner in this summary proceeding. At best, petitioner is entitled to share possession with the lessee. Any remedy with respect to the manner of joint possession is beyond the jurisdiction of this court and a decision in the pending partition action will resolve same.
Accordingly, the respondent’s motion is granted and the petition is dismissed. Petitioner’s cross motion for summary judgment in its favor is denied. Consideration of the other issues raised on these motions is not required.