OPINION OF THE COURT
Scott Fairgrieve, J.
Respondent Allison A. Woolford moves for the following relief as set forth in the notice of motion dated April 11, 2016:
*891 “Dismissal of Petition on the grounds that: (1) this Honorable Court lacks standing to hear this matter since these issues may only be resolved in the context of the Petitioner’s matrimonial dispute and in Supreme Court; (2) the Landlord in possession of the premises has renounced and repudiated the Holdover Petition; (3) the Landlord has continued to collect and receive Respondent’s rent(s) after the Holdover Period and through today, voiding the Petition on its face; (4) the Petitioner lacks legal standing to commence this action under well recognized NY Law since he is a co-tenant by the entirety, not in possession of the premises and not seeking exclusive use of the premises from his co-tenant landlord spouse, who resides therein; (5) the Court lacks personal jurisdiction over the parties since the Petition was unlawfully served; and (6) the Petitioner has failed to name and serve an indispensable party namely: Marva Nestor, co-owner of the premises who is his wife.”
Petitioner Jules C. Bernadotte moves by cross motion, dated May 12, 2016, for summary judgment and other relief.
On August 22, 2001, petitioner and his wife, Marva Nestor (hereinafter referred to as wife), acquired title to 112 North Long Beach Road, Freeport, New York, as tenants by the entirety: section 55, block 271, lot 21 (hereinafter referred to as premises).
Petitioner commenced this summary proceeding against respondent (wife’s sister and sister-in-law of petitioner) to recover possession of the premises.
Respondent’s motion to dismiss is supported by the affidavit of wife, sworn to on April 11, 2016. Wife states that she is married to petitioner. Wife resides at the premises with the respondent, her sister, who pays rent.
Wife states that she and petitioner are in the midst of a matrimonial (divorce) proceeding.
Wife rejects petitioner’s attempts to evict respondent. She maintains that the holdover proceeding belongs in the Supreme Court and not the District Court. Furthermore, wife was not joined as a party in this holdover proceeding.
Respondent maintains that since respondent pays rent to wife, petitioner cannot evict respondent.
Respondent submits her affidavit in support of the relief requested, sworn to April 11, 2016. Respondent pays rent every *892 month. Attached as exhibit B are receipts dated January 9, 2016 for $1,400, February 9, 2016 for $1,400, and March 8, 2016 for $1,600.
Wife also submits her supplemental affidavit, dated May 16, 2016. Wife states she has consulted with a divorce attorney. Wife states that the respondent’s tenancy was created by both her and petitioner:
“This tenancy was created by both of us; and Petitioner and I both jointly enjoy its financial benefit. In fact, the Petitioner built the part of the house being used by my sister. It is attached to the house. He jointly requested she become our tenant to reduce our costs.”
Respondent has paid rent every month for eight years. Petitioner presently lives in the premises and has “regularly lived with my sister and I in the home during the last eight years, knowing she was paying rent every single month.”
Wife states that she needs the rent paid by respondent while wife and petitioner fight in Supreme Court over pensions, kids, and the premises.
Apparently, the rent is used to pay the mortgage.
Respondent states in her affidavit, sworn to May 16, 2016, that petitioner and wife asked her to be a tenant eight years ago.
In opposition, the affidavit of petitioner, sworn to May 4, 2016, is submitted. Petitioner states that he co-owns the premises, which is a one-family house, with wife. Petitioner claims that he never authorized respondent to live at the premises, and has not received any of the rent money paid to wife.
Decision
Does petitioner have the legal right to evict respondent even though the wife objects to this proceeding and maintains that she is renting to respondent?
Petitioner and wife own the property as tenants by the entirety, which means that each is seized of the whole estate. Petitioner or wife may lease or convey his or her interest to another, who becomes a tenant in common with the other tenant by the entirety. (See Matter of Baker v Westfall, 30 Misc 2d 946 [Montgomery County Ct 1961].)
In Baker, the property was owned by Elizabeth Baker and Raymond Baker as tenants by the entirety. Raymond Baker *893 leased the property to respondent pursuant to a lease dated August 28, 1959. Petitioner, Elizabeth Baker, didn’t execute the lease and the evidence demonstrated that she did not consent to the lease. The court stated that petitioner could maintain the summary proceeding to remove respondent from exclusive possession but not remove him from the premises. In other words, petitioner can obtain the right to occupy the premises in common with respondent and share occupancy with respondent. The court in Baker stated:
“In a summary proceeding the petitioner may not evict her husband’s tenant from the premises but she can remove him from exclusive possession. Her only right is to be put in possession of the premises with the respondent Westfall and share with him the occupancy and use of the premises (Finnegan v. Humes, 252 App. Div. 385; Infante v. Sperber, supra)” (30 Misc 2d at 949).
The court in Baker ruled that Mr. Baker was not a necessary party to the proceedings. Either joint tenant may maintain the summary proceeding to gain possession in his or her own name. See also Trama v Trama (15 Misc 3d 1146[A], 2007 NY Slip Op 51182 [U], *2 [Nassau Dist Ct 2007]), holding that
“[i]t is well settled that a spouse, even though a co-owner and a tenant by the entirety with the petitioner, is not a necessary party. Either one of two co-owners may maintain a summary proceeding to gain possession in his or her own name. (Baker v. Westfall, 30 Misc 2d 946; Martin v. Shields, 285 App.Div. 106; Burack v. I. Burack, Inc., 128 Misc 2d 324; Panzica v. Cimino, 21 Misc 2d 1076).”
In the leading case of Infante v Sperber (271 App Div 896 [2d Dept 1946]), plaintiff owned the property as tenants by the entirety with her husband, who rented the property to defendant. The Court noted that there was no proof that plaintiff ratified the lease. The Court held there was no evidence that plaintiff had waived possession of the property by reason of the award of alimony in the judgment of separation. Thus, the Court held plaintiff was entitled to joint possession of the property with defendant (husband’s tenant).
See also Matter of Panzica v Cimino (21 Misc 2d 1076, 1078 [Westchester County Ct 1959]), wherein the court held that the wife, as co-owner of the premises, could institute summary *894 proceedings to co-share the premises with husband’s tenant, without joining the husband as a party to the proceeding:
“On principle, nevertheless, the right of a tenant by the entirety to seek possession in his own name seems well founded. It has long been settled that essentially with respect to the enjoyment of possession and use of the property, husband and wife who jointly own the property are tenants in common (Hiles v. Fisher, 144 N. Y. 306; Capizzi v. Khoury, 168 Misc. 490). But tenants in common may not make a lease of the property that will bind a non-assenting cotenant (86 C. J. S., Tenancy in Common, § 113, pp. 518-520). The nonassenting tenant in common may then share the possession of the premises with the lessee (Infante v. Sperber, 271 App. Div. 896).”
In 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 39:14 (4th ed), the following is stated:
“One tenant by the entirety, it has been held, may alone maintain summary proceedings. The tenant by the entirety bringing the proceeding can do so to remove the lessee of the cotenant from exclusive possession of the premises owned by the entirety, and to be put in possession with such lessee to share with the use and occupancy thereof.”
Applying the above to the case at bar results in the dismissal of this proceeding. It is undisputed that petitioner is presently occupying the premises with wife and respondent. Under the authorities cited above, the best result that petitioner can achieve is to terminate any exclusive occupancy of the respondent. The wife has the absolute right to lease her interest to respondent (her sister). Since petitioner currently resides at the premises, there is no relief available to petitioner in this summary proceeding.
Any further or different relief petitioner may seek relating to the premises must be sought in the Supreme Court and not in the District Court. (See Soto v Soto, 4 Misc 3d 881 [Nassau Dist Ct 2004].)
Conclusion
Based upon the foregoing, respondent’s motion is granted and this proceeding is dismissed. Petitioner’s cross motion is denied as moot in its entirety.